## Ezra Trim's Estate.    W. P. Trim's Appeal.

*Will—Charitable use.*

A testamentary disposition for the benefit of the poor of a defined locality is a charitable use.

A devise of land specifically described, and all the residue of an estate, " to go to the benefit of the poor of Eldred Township, Warren County, Pa; to have the use and nothing more . . . . for their benefit and use.. . . . and when fully proven up to be managed by the overseers of the poor in said county for the benefit of Eldred Township," is a charitable use, and the trustees are sufficiently designated, notwithstanding the fact that their correct corporate name is not given.

Argued May 7, 1895.   Appeal, No. 333, Jan. T., 1895, by W. P. Trim, from decree of O. C. Warren Co., Sept. T., 1893, No. 20, dismissing appeal from register of wills.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Appeal from register of wills.

From the record it appeared that Ezra Trim died July 28, 1893, leaving to survive him only collateral kin.   The material portion of his will was as follows :

" As soon after my decease as conveniently may be I give and bequeath unto Each and all of my Legal heirs one dollar a piece after the same is fully paid and Satisfied I Give and bequeath all of my real and personal property including Lands and tenements and all personal Effects to Go to the benefit Of the poor of Eldred Township Warren County Pa to have the use and Nothing more

" Said land Situated in Eldred Township Warren County and state of Pennsylvania and known as the homestead farm on tract No. 144 & 145 making One hundred and seventy acres and

one half acres of Land I also Give and bequeath to the poor of
Eldred Township one other piece of Land for their benefit and
use Situated in Eldred Township Warren Co Pa Tract No. 194
and when fully proven up to be managed by the overseers of the
poor in Said County for the benefit of Eldred Township."

Upon the application of the commissioners of the Rouse es-
tate, who are under the act of April 4, 1866, in effect overseers
of the poor for the poor district of Warren county, the register
appointed John Brightman, administrator c. t. a.   The next of
kin appealed from the action of the register in granting letters.
NOYES, P. J., filed the following opinion :

" The last will of Ezra Trim gives certain lands specifically
described and all the residue of his estate ' to go to the benefit
of the poor of Eldred Township, Warren County, Pa; to have
the use and nothing more . . . . for their benefit and use
. . . . and when fully proven up to be managed by the overseers
of the poor in said County for the benefit of Eldred Township.'
The register appointed the appellee administrator c. t. a., on the
nomination of the commissioners of the Rouse estate.   If the
residue of the testator's estate is well devised to them in trust,
then this was right, otherwise the appeal by the next of kin
should be sustained, for if as to the residue he died intestate,
the administrator should have been selected from the next of
kin.

" A testamentary disposition for the benefit of the poor of a
defined locality is clearly a charitable use, and will be sustained
even although it would fall under the condemnation of some
rule of law if it were a private or merely benevolent disposi-
tion.   Although the objects of the testator's bounty be not in
being, yet if they belong to a class so designated by the testa-
tor that its members may be ascertained by means of the tes-
tator's description, or, if he has given discretion to some person
or body of persons to select them, the gift will be sustained :
Witman v. Lex, 17 S. & R. 88.   The relief of the poor appears
among the 'good and godly uses' recited in the statute 1 Edw.
VI. c. 14.   ' To the poor of Stratford,' was enough to carry the
charitable gift of William Shakspeare to his townsfolk; and
the poor of Eldred township, a definite municipality, is certain
as words can make anything : Lawrence County v. Leonard,
83 Pa. 207.

"Now, is there any doubt as to the trustees designated by the testator? He has not given their correct corporate name, but he has used terms which describe them perfectly, and are applicable to no one else. They are by express provisions of the act incorporating them, 'the overseers of the poor' in said (Warren) county. The words 'for the benefit of Eldred township,' which the counsel for the appellant treat as part of the description of the trustees, are not so intended, but are plainly a repetition of the terms and purpose for which the overseers are to manage the property. It is true that this disposition will enure to the benefit of the taxpayers, but that is the effect of every benefaction which provides for any of the burdens of government; and it is also true that inasmuch as Eldred township is not a poor district, some complication may arise in the administration of this trust so as to limit its benefits to the inhabitants of Eldred township, but these difficulties cannot prevent the vesting of the estate, nor does it appear that they cannot be overcome, without the application of the doctrine of *cy pres*. But if they cannot, the power to apply it in cases in which the testator's intent is clear and lawful is clearly possessed by the courts of this state, not only as part of their common law power, but by the express provisions of the statute law: Act of April 26, 1855, sec. 10 (P. L. 331); act of May 26, 1876 (P. L. 211).

"Notwithstanding the opinion of Judge PENROSE in Alter's Estate, 4 C. C. R. 558, which from his ability and experience is entitled to great respect, I am not convinced that the act of 1885 (P. L. 259) was intended, or did in fact affect the power of the courts at all. The 10th section of the act of 1855 contains two provisions: That no disposition for charitable uses shall fail for certain defined defects, but that the same shall be carried into effect by the courts 'so far as the same can be ascertained and carried into effect, consistently with law and equity;' and second, that such dispositions so far as they cannot be carried into effect shall be understood to be made subject to be disposed of by the legislature, and, failing such disposition, to go into the public treasury. The act of 1885 repeals the *cy pres* power thus assumed by the legislature which existed only in cases where the courts could not sustain the disposition, and directs that in such cases the estate shall

go to the heirs at law. The commissioners of the Rouse estate are a corporation expressly authorized to receive property by devise, and the purpose of their incorporation was to administer a similar charity. The testator's will, though not elegantly expressed, is not ambiguous or doubtful, nor is his disposition illegal; but on the contrary it is highly meritorious—charitable in the broad and legal sense of the word. It is clearly our duty to sustain it.

"The appeal is dismissed and the decree of the register affirmed at the costs of the appellant.

*Error assigned* was above decree.

*J. H. Donly*, for appellant, cited: Lawrence Co. v. Leonard, 83 Pa. 207; 3 Am. & Eng. Ency. of Law, 126, 128; Wildeman v. Mayor, 8 Md. 551; Janey v. Latone, 4 Leigh, 351; Russell v. Allen, 107 U. S. 163; act of 1862, sec. 11, P. L. 407; act of 1864, P. L. 438; Jenks v. Sheffield Twp., 135 Pa. 400; Rouse Est. v. Poor Directors, 118 Pa. 1; act of April 18, 1864, P. L. 438; Woolmer's Est., 3 Whart. 476; Gray's Est., 147 Pa. 75; Zeisweis v. James, 63 Pa. 465: Beekman v. Bonsor, 23 N. Y. 308; Tilden v. Green, 130 N. Y. 20; Alter's Est., 4 Pa. C. C. 558.

*W. W. Wilbur* of *Wilbur & Schnur*, and *W. M. Lindsey*, of *Lindsey & Parmlee*, for appellee, cited: Witman v. Lex, 17 S. & R. 93: Henry v. Deitrich, 84 Pa. 291; Kinike's Est., 155 Pa. 101; Missionary Society's App., 30 Pa. 434; McLain v. School Directors, 51 Pa. 196.

PER CURIAM, May 20, 1895:

The question involved in this appeal was rightly decided by the learned president of the orphans' court. For reasons given in his opinion, the trust created by the will of defendant's testator for "the benefit of the poor of Eldred Township Warren County Pa" should be sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.