# Young, Appellant, *v.* St. Mark's Lutheran Church of Hanover.

*Will—Accumulations—Charitable bequests.*

Testator directed the deposit of sixty bonds of $1,000 each with a trustee to pay annuities aggregating $2,000 to certain relatives during their life, $300 per year to a committee for the relief of the poor, and $300 per year to the proper authorities of a church toward the education of a young man for the ministry. He continued : " The bonds or proceeds thereof to be eventually used as I may hereafter direct." The fifteen lines following were left vacant, and were never filled in, although two years later testator added a codicil to his will, and shortly thereafter died. A case stated was framed between the next of kin of the testator and the church to determine the validity of the trust for the education of a young man for the ministry. *Held*, that during the lifetime of the annuitants, the trust was valid, and that after their deaths it could be determined whether the disproportion between the amount of the fund and the sum applied to charitable uses would render the bequest void under the law against accumulations.

Argued May 22, 1901. Appeal, No. 150, Jan. T., 1901, by plaintiffs, from judgment of C. P. York Co., April T., 1901, No. 44, on case stated in suit of Mary A. Young and Howard E. Young v. St. Mark's Lutheran Church of Hanover, Pa. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Case stated to determine the validity of a bequest to charitable uses.

W. F. Bay Stewart, J., filed the following opinion :

This controversy arises over the construction of the tenth section of the will of John S. Young, late of Hanover borough, deceased.

This tenth section is as follows :

" I direct the executors I have named to place in the hands of the proper authorities of the Mercantile Trust and Deposit Co., of Baltimore, to be held in trust by that Company, sixty bonds of one thousand dollars each belonging to my estate of such issue as the Trust Company and Messrs. Alex. Brown and Sons shall approve as being a safe and desirable investment. Said

Trust Company to pay out of the semi-annual interest therefrom to the following parties, and in the amount named to each, subject to their respective orders, to my niece Mrs. Clara B. Oglesby six hundred dollars, to my sister Emily J. Young three hundred dollars and to Mrs. Sarah A. Stine one hundred dollars, semi-annually, making the sum two thousand dollars per annum. These payments to continue to each during their natural lives. And to pay the sum of three hundred dollars per annum to what is known as the Committee for the Relief of the Worthy Poor of Hanover, said Committee being appointed by and composed of a few members of each of the different congregations,—also three hundred dollars per annum to be paid to the proper authorities of St. Mark's Lutheran Church of Hanover, Pa., to be used in assisting to defray the expense of any young men of the church named in securing a thorough education for the purpose of becoming a minister of the gospel, if in the opinion of the pastor and church council the applicant is deserving of help and possesses the requisite qualifications to become in due time a well educated, energetic and thoroughly competent minister of the gospel, one who will be an honor to his profession and calling.

"The remuneration for this trusteeship (which I am told by the President of the Company will be two and one-half per cent of the net income) also to be paid out of this trust, and the surplus, if any, to be re-invested by said Trust Company for the benefit of this trust, and if at any time the income is insufficient to pay the amounts named, then a proportionate reduction is to be made to each of the parties for whose benefit this trust is created. I also authorize and empower said Trust Company to dispose of certain of these securities, or any re-investment of the same, when in their judgment, it shall be deemed advisable and for the best interests of the trust, the proceeds of any such sale however, to be re-invested upon the same trust. The bonds or proceeds thereof to be eventually used as I may hereinafter direct."

The testator left following this section of his will on the same page where the section ended fifteen blank lines, before continuing the disposition of his property, but made no further provision with reference to these sixty bonds or their proceeds.

The will was dated September 30, 1897, and on November 11,

1899, a codicil was added making further bequests to employees and other parties, but in no way referring to the trust created in this tenth section.

The testator died the next day after making this codicil, namely, on November 12, 1899.

The plaintiffs contend that the bequest of $300 arising from said trust created by the tenth section of the will is void for the following reasons: (1) by reason of uncertainty of the beneficiary; (2) by reason of its being a gift for a private charity; (3) by reason of its being a perpetuity; (4) that it creates a perpetuity and permits an accumulation beyond the legal period and contravenes the law and public policy; (5) that it was not the testator's intention to establish or create a perpetual trust for accumulation. All these reasons are denied by the defendant.

If the court shall be of opinion from the construction of the whole will that said trust, so far as it relates to the bequest to the proper officers of St. Mark's Lutheran Church, is void in law and equity for either of the above reasons, then judgment to be entered for the plaintiffs with costs, otherwise, judgment to be entered for the defendant with costs, both parties reserving the right of appeal to the Supreme Court.

A great deal of learning might be exhausted upon the questions raised by the case stated as to whether this is a public or private trust; a trust in perpetuity or for accumulation; but, in view of the statutes in Pennsylvania governing both these subjects, the apparent difficulties are removed from the realm of discussion. Were it not for the Act of May 9, 1889, P. L. 173, and the first proviso of the Act of April 18, 1853, P. L. 503, sec. 9, I should unhesitatingly say that the trust created violated both the rule against perpetuities and the statute against accumulations. But this act and this proviso stand in the way.

The proviso in the statute against accumulations is as follows: "Provided: That any donation, bequest or device for any literary, scientific, charitable or religious purpose shall not come within the prohibition of this section which shall take effect and be in force as well in respect to wills heretofore made by persons yet living and of competent mind as in wills hereafter made."

That this is a charitable or religious purpose does not seem to be open to question. One of the grounds of objection is that it is a gift to a private charity. The purpose expressed is : To be used in assisting to defray the expenses of any young men of the church named in securing a thorough education for the purpose of becoming a minister of the gospel, if in the opinion of the pastor and church council the applicant is deserving of help and possesses the requisite qualifications to become in due time a well-educated, energetic and thoroughly competent minister of the gospel, one who will be an honor to his profession and calling."

This is a charitable use within the clear meaning of Price v. Maxwell, 28 Pa. 23, and the many cases cited therein, as well as numerous cases since decided by our court of last resort. To such uses the rule against perpetuities no longer applies. As to such it has been abrogated by the Act of May 9, 1889, P. L. 173, above referred to, which is as follows :

"That no disposition of property heretofore or hereafter made for any religious or charitable use, shall fail for want of a trustee or by reason of the objects ceasing, or depending upon the discretion of a last trustee, or being given in perpetuity, or in excess of the annual value limited by law ; but it shall be the duty of any court having equity jurisdiction in the proper county, to supply a trustee, and by its decree to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law or equity, subject to an appeal as in other cases in said courts respectively, and to be reviewed, reversed, affirmed or modified by the Supreme Court of this state : Provided, however, that the provisions of this act shall not apply to causes now in litigation."

These reasons dispose of the second, third and fourth objections. Nor can the first objection be sustained. This is that the section is void by reason of uncertainty. The fund is given to the Mercantile Trust and Deposit Company, of Baltimore, who are required to pay $300 per annum " to the proper authorities of St. Mark's Lutheran Church, of Hanover, Pa., to be used in assisting to defray the expense of any young men of the church," who are to be selected according to the opinion of the pastor and church council. The trustee is thus dis-

tinctly designated. St. Mark's Lutheran Church, according to the case stated, is an incorporated organization and consequently managed by "proper authorities," to whom the fund is to be paid. And the pastor and church council are to determine according to their judgment and direction, who shall be the recipients of the testator's bounty. It cannot be assumed that they will not do so, but if they should, those interested would not be without remedy. At all events it cannot be said that such a question arises now.

The fifth objection, namely : " That it was not the testator's intention to create or establish a perpetual trust or a trust for accumulation," raises a very serious question.

[The trust fund is sixty bonds of $1,000 each. No rate of interest is given in the case stated, but if they were five per cent bonds the annual interest would be $3,000. It requires $2,600 to satisfy the annuities and two charities. In the course of years $2,000 of the $2,600 will fall into the principal fund and it may be expected to accumulate in the beginning from $1,500 to $2,500 annually, depending upon the lowering of the rate of interest on money and with an increasing ratio thereafter.

The testator evidently had this in mind when he drew his will, and hence the fifteen blank lines following the tenth section in which he probably contemplated inserting a provision for the final disposition of the corpus of the fund. But he did not do so then and the will so remained for over two years, until the day before his death when he added a codicil, without, however, changing this provision. In view of this I cannot say that he did not intend to create this trust for accumulation, and were it not for the acts to which I have referred, this intention would be defeated by the statute. At all events it is valid during the continuance of the annuities, and when they shall have expired the question can then be determined, whether by the creation of so large a trust for accumulation and attaching thereto charities so disproportionate to the income it can be saved from the operation of the law against accumulations. If it can, then the policy of the law against accumulations and the statute can readily be avoided, and the latter will become a dead letter.] [1]

In view of these conclusions, judgment is directed to be entered on the case stated in favor of the defendant, with costs of suit. [2]

*Errors assigned* were (1, 2) portions of opinion as above.

*Edward Chapin* and *Henry C. Niles*, for appellants.—The church cannot be permitted to accumulate or use the money for any other purpose cy pres: Flaherty's Est., 2 Parsons' Select Equity Cases, 186 ; Mitcheson's Est., 11 W. N. C. 547; Washington's Est., 75 Pa. 102.

If the construction of the will is doubtful the law leans in favor of such interpretation as is most in conformity with general rules of inheritance : France's Est., 75 Pa. 225.

If the testator did not intend to create a perpetuity, as manifested by his will, or if the trust is for the education of one young man only, then the finding of the court that the trust is valid during the continuance of the annuities is error. In our opinion, the trust at best is for the education of one young man, and its duration should be limited to the period necessary to furnish him with proper college and seminary training, to fit him for his profession.

*William McClean*, with him *William Arch McClean* and *N. S. Ross*, for appellee.

Per Curiam, July 17, 1901:

Upon a careful consideration of the case stated, and of the elaborate and able opinion filed by the learned judge of the court below we affirm the judgment entered on the case stated in favor of the defendant with costs of suit.

Judgment affirmed.