# DeSilver's Estate.

*Trusts and trustees—Charity—Failure of trustee—Discretionary power—Act of April 26, 1855, P. L. 328.*

Where testator gives discretionary power to his three executors to distribute a large sum of money among charitable institutions, except missionary societies, with a direction that the fund should be divided among as large a number of associations "as my said executors may think best calculated to secure the greatest amount of good from this donation," and all the executors die without having made any distribution of the fund, the charitable bequest will not fail, but the court will, under the Act of April 26, 1855, P. L. 328, appoint a trustee to carry it out.

Argued March 21, 1905. Appeals, Nos. 27 and 31, Jan. T., 1905, by the Title Insurance and Trust Company of Los Angeles, substituted trustee under the will of Charles DeSilver, deceased, and G. Plantou Middleton, administrator, c. t. a. of the estate of John Ford DeSilver, deceased, from decree of O. C. Phila. Co., July T., 1879, No. 171, dismissing exceptions to adjudication in Estate of Robert P. DeSilver, deceased. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

ASHMAN, P. J., filed the following opinion :

The line upon which these exceptions proceed is a very nar-

row one. The testator directed that out of his estate, $25,000 should be given by his executors to "such charitable institutions or associations, excepting all missionary societies, as they, my said executors, may select as suitable recipients of the same; and it is my desire that the same shall be divided between as large a number of said associations as my said executors may think best calculated to secure the greatest amount of good from this donation." All of the executors named in the will have died. It was objected that the intent of the testator was not helped by the Act of April 26, 1855, P. L. 328, providing that no disposition of property thereafter made "for any religious, charitable, literary or scientific use, should fail for want of a trustee, or by reason of the objects being indefinite, uncertain or dependent upon the discretion of a last trustee;" and providing further that the court should supply a trustee and carry into effect the intent of the donor "so far as the same can be ascertained and carried into effect, consistently with law or equity." The argument in support of the exceptions was that the testator conferred the discretion on his executors as individuals and not as a class, and gave no indication in his will which would guide the court or its trustee by appointment in the selection of a beneficiary. Neither position is, we think, tenable. The sole ground for the assertion that the choice was confided to the executors individually was the use by the testator of the phrase "the executors hereinafter named," and his subsequent references to "my said executors." Exactly the same designation occurs in countless wills where no duties outside of those which belong to routine are cast upon executors. It may be added that if the testator had intended to intrust the power of choice to individuals, he would have provided for the possible death of one or more of their number, because a power of selection given to three persons by name would not necessarily survive to two or one. The reverse is true of a power committed to executors as a class.

It cannot be said, as the other branch of the argument would seem to suggest, that the testator left no clue respecting the character of the charities he proposed to benefit. He expressly excluded one class, a large one, from the reach of his executors, but left them otherwise untrammeled. His sole desire appar-

ently was to benefit as many recipients, as in the judgment of his executors could be wisely embraced in the division of the fund, and he placed upon the same footing, as subjects for that judgment, charities of the most dissimilar aims.

The court entered the following decree:

There will be retained to await the result of proceedings of the act of 1855, the amount directed by the testator to be distributed among charitable institutions, etc., $25,000.

*Error assigned* was the decree of the court.

*J. Martin Rommel*, with him *G. Plantou Middleton* and *Arthur B. Huey*, for appellants, cited: Fontain v. Ravenel, 58 U. S. 369; Cole v. Wade, 16 Ves. 27; Witman v. Lex, 17 S. & R. 88; Methodist Church v. Remington, 1 Watts, 219; Philadelphia v. Girard's Heirs, 45 Pa. 9; Zeisweiss v. James, 63 Pa. 465; Woods's Estate, 209 Pa. 16.

*William Clarke Mason* for Medico Chirurgical Hospital, appellee, cited: Fontain v. Ravenel, 58 U. S. 369; Methodist Church v. Remington, 1 Watts, 219; Frazier v. St. Luke's Church, 147 Pa. 260; Children's Hospital's App., 10 W. N. C. 313; Mann v. Mullin, 84 Pa. 297; Manners v. Library Co., 93 Pa. 165.

*Henry S. Borneman*, with him *J. Edward Rickert* for Lizzie DeSilver and Robert P. DeSilver, appellees, cited: Murphy's Est., 184 Pa. 310; Kinike's Est., 155 Pa. 101; Jones v. Renshaw, 130 Pa. 327; Brown's App., 12 Pa. 333; Jones's App., 3 Grant, 169; Ebert's App., 9 Watts, 300; Zeisweiss v. James, 63 Pa. 465; Mann v. Mullin, 84 Pa. 297; Trim's Est., 168 Pa. 395; Daly's Est., 208 Pa. 58.

PER CURIAM, April 10, 1905:

These appeals are from the same decree and raise the same question, whether the gift to charitable institutions became inoperative by reason of the death of the executors without their having made a selection. The decree is affirmed on the opinion of the learned judge of the orphans' court.