## Kimberly's Estate (No. 1).

*Wills—Charitable bequests—Uncertainty — Residuary estate — Trustees—Validity of gift.*

1. Where a testator bequeathed his residuary estate to three named trustees with directions to apply the same "to such charitable uses, objects and purposes as they may from time to time select or deem most desirable......as fully and completely as I myself could do if living," the bequest was not void for uncertainty, and the Orphans' Court made no error in awarding the residue in accordance with the provisions of the will.

Dulles's Est., 218 Pa. 162, followed.

2. Where in such case testator empowered his trustees to fill vacancies which might occur in their number the fact that such trustees were also empowered to borrow money and to incorporate companies and to distribute the stock, did not indicate an intention to create an association in the nature of an unincorporated charitable foundation, particularly in view of the fact that gifts in the nature of annuities to individual legatees rendered necessary the continued existence of the trust at least during the lifetime of the annuitants.   Most of such powers of the trustees were intended merely to facilitate the administration of decedent's assets by his executors.

Argued March 3, 1915. Appeal, No. 44, Oct. T., 1915, by David W. Kimberly, ancillary administrator, C. T. A., of the estate of Amos E. Kimberly, deceased, in estate of Peter L. Kimberly, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before WILLIAMS, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. David W. Kimberly, ancillary administrator, c. t. a., of the estate of Amos E. Kimberly, appealed.

*Error assigned,* among others, was the decree of the court.

*William McElwee, Jr.,* for appellant.

*Harry H. Barnum,* with him *James P. Whitla,* and *Rubens, Fischer & Mosser,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1915:

This case involves the construction of the will of Peter L. Kimberly, deceased, who died June 4, 1905. The Orphans' Court of Mercer County distributed seventy-seven per centum of the estate to named beneficiaries, and that portion is not affected by the present appeal. By the third "paragraph" or item of his will, the testator, after certain specific legacies and annuities, gave the residue of his estate to three trustees previously named therein, with direction, power and authority "to use and apply the same, to such charitable uses, objects and purposes, as they may from time to time select or deem most desirable; hereby giving to them the full and absolute power to select and apply the whole of said rest, residue and remainder......so to be received, to charitable uses, objects and purposes, as fully and completely as I myself could do if living; provided, however, that

they shall apply parts of said fund according to any direction which I may hereafter direct by writing......"

The Orphans' Court upheld the provision just quoted as a valid trust. David W. Kimberly, the appellant, contends, as he did in the court below, (1) that the bequest to the trustees for charitable purposes was void for uncertainty, and (2) that the will created a permanent unincorporated charitable association, consisting of the trustees and their successors, with an annual income greater than allowed by law.

Counsel for the appellant, in his printed argument, frankly admits that the line of decisions of this court, "of which Dulles's Est., 218 Pa. 162, and Mann v. Mullen, 84 Pa. 297, are fairly representative," rules his first contention against him; but he urges a reconsideration of the point in question. After giving heed to the numerous cases from other jurisdictions, some of which are in conflict with our own decisions, we are not moved to depart from the doctrine of Dulles's Est., supra; there the language of the will in regard to the residuary estate was: "I do hereby direct my said executors to pay over, appropriate, dispose of and distribute the same......to and among such religious, charitable and benevolent purposes and objects or persons or institutions as I shall specify in writing......or in default of such written direction left by me, then.....I do hereby give and grant unto my said executors and the survivor of them full and unlimited power and authority to pay over, appropriate, dispose of and distribute the said rest, residue and remainder of my estate to and among such religious, charitable and benevolent purposes and objects or institutions, as in their discretion shall be best and proper....." In that case, as in this, the testator left no written directions, and the appropriation and distribution of the residuary estate for charitable purposes fell to the discretion of the trustees named in the will; we there said (p. 164): "If the testatrix had made the writing referred to and named the objects, persons or institu-

tions she desired should take, there could be no question of the validity of the bequests, whether the courts or any one else thought the objects were religious, charitable or benevolent or not. . In naming the legatees she would have defined the terms 'religious,' 'charitable' and 'benevolent' for the purposes of her will, and it was within her right to do so. She did not make the written directions, however, and therefore the alternative provision of her will became operative. The discretion which was hers to exercise she chose to delegate to her executors. It was her right to do so, and so long as their discretion is not legally abused its exercise is as valid as if it was expressly her own......It is manifest (p. 165) that the testatrix intended distribution among others than the executors, and that the gift to them was in a fiduciary capacity. There was, therefore, a trust; but that does not interfere with the discretion of the trustees, except to limit their powers to the purposes intended, and to enable the courts to prevent a plain diversion of the gift which would be a fraud on the trust. It is said that the word 'benevolent' is not definite enough for the court to enforce. But it is not necessary that it should be. The definition and application of that word are not for the courts, but for the executors; the only authority of the court is to prevent a manifest diversion to a purpose clearly outside of the class prescribed. So long as the executors are exercising their right of selection in good faith, the right to do so is in them by the express words of the testatrix's will.....It is not worth while to discuss the numerous highly refined and technical distinctions in the English cases and those of some other states; they are mostly founded on the Statute of 43 Elizabeth c. 4, which is not in force in Pennsylvania, but whose principles have been adopted as part of the common law of the State, broadened and shorn of technicalities in obedience to the spirit of modern equity. Our own cases have settled the principles sufficiently for all present purposes......The practical

questions (p. 168), therefore, in such cases are, first, is the testator's general intent ascertainable; and second, is there any tribunal provided to ascertain the specific objects to which such intent is to be applied? If so the trust is not void for uncertainty, whether it is for a technical charity or not." In all essential particulars, Dulles's Est., 218 Pa. 162, rules the present case against the first contention of the appellant; in addition thereto, for enlightening discussion on the general subject before us, see Witman v. Lex, 17 S. & R. 88; Beaver v. Filson, 8 Pa. 327, 335; Wright v. Linn, 9 Pa. 433; Price v. Maxwell, 28 Pa. 23; Cresson's App., 30 Pa. 437; Mc-Lain v. White Twp. School Directors, 51 Pa. 196; Lawrence County v. Leonard, 83 Pa. 206; Zeisweiss v. James, 63 Pa. 465, 468; Fire Ins. Patrol v. Boyd, 120 Pa. 624; Jones v. Renshaw, 130 Pa. 327; Young v. St. Mark's Lutheran Church, 200 Pa. 332; Daly's Est., 208 Pa. 58; De Silver's Est., 211 Pa. 459; Saltonstall v. Sanders, 93 Mass. 446; and White v. Ditson, 140 Mass. 351, 353, 357.

We are not impressed with the contention that the general gift for charitable purposes, in the third item of the testator's will, constitutes the trustees therein named a permanent unincorporated charitable association. The testator's evident intention was merely to create a trust for charitable purposes and vest in his trustees a broad discretion to select the particular objects of the charity, with power to distribute the fund, both principal and income, accordingly, within such reasonable period as in their judgment might seem best. There is nothing in the manner in which the fund has been administered to date which suggests any other interpretation; but even if there were, the conduct of the trustees could not alter the plain meaning of the will. The fact that, in other parts of the will, the testator gave certain powers to his "executors and trustees" to borrow money, and to incorporate companies, does not indicate an intention to create an unincorporated association in

the nature of a charitable foundation: on this point see Kimberly's Est., 227 Pa. 405. When the will is read as a whole, particularly noting the fourth section of the first item, which directs distribution "among the several legatees of (testator's) estate" of the stocks of any corporations formed by his executors and trustees, "the same as if the said stocks were converted into money," and the direction contained in the sixth section of that item, as to the full period of five years being allowed for purposes of distribution, it seems clear that most of these powers were intended to facilitate the original administration and distribution of decedent's assets by his executors. The fact that the testator gave his estate to the three persons designated by him as "executors and trustees," and to "their successor or successors," with power to fill vacancies which might occur in their number, when taken in connection with the other parts of the will, shows no intent to create an unincorporated charitable association; particularly is this apparent when we consider that the gifts in the nature of annuities, contained in the third item of the will, would necessitate the continued existence of the trust, at least for the lifetime of the several legatees named therein.

There is a grave question whether the appellant at bar has the legal right to raise some of the contentions insisted upon by him; but it is not necessary to discuss that point, since, as already indicated, we see no merit in his appeal.

The assignments of error are overruled and the decree of the court below is affirmed, costs to be paid out of the funds of the residuary estate.