# Barnwell's Estate.

*Trusts and trustees—Charitable trusts—Inculcating principles of honor and moral courage among students of a particular public school—Indefiniteness—Wills.*

1. A bequest creates a charitable trust, where its intention is to "inculcate" the "highest principles of honor and moral courage" among the "students" and "graduates" of a well-known public high school for young men, in a great city and to practically encourage and reward "the practice" of such "high principles."

2. Such a trust will have a tendency to promote the well-doing and well-being of an indefinite number of persons.

3. The question, in such case, is not whether the testator created a technical public charity, but whether he set up a charitable trust.

4. The fact that testator did not formulate practical plans for carrying his broadly conceived charitable idea into effect, is of no moment, so long as his general intent is ascertainable, and he has vested others with authority to work out and put in operation the details necessary to make his idea of practical use to those he intended to benefit.

5. Such a trust cannot be pronounced illegal for indefiniteness.

Argued January 13, 1921. Appeal, No. 164, Jan. T., 1921, by Robert Barnwell, from decree of O. C. Phila. Co., Oct T., 1919, No. 108, dismissing exceptions to adjudication in Estate of James G. Barnwell, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

The court in an opinion by GUMMEY, J., dismissed the exceptions. Robert Barnwell, next of kin, appealed.

*Error assigned* was decree, quoting it.

*Charles Sinkler,* with him *James M. Brittain,* for appellant.—The gift by the testator of his residuary estate is not for a charitable purpose and is therefore invalid: Centennial & Memorial Assn. of Valley Forge, 235 Pa. 206; Vidal v. Phila., 2 Howard 127; Fire Ins. Patrol v. Boyd, 120 Pa. 624.

The gift by the testator of his residuary estate is uncertain, vague and indefinite, and should therefore be awarded to the son of the brother of the testator, under testator's will.

*Thomas Stokes,* with him *W. N. Stilwell,* for appellee. —The bequest in trust to encourage and reward the practice of the highest principles of honor and of moral courage by the students and graduates of the central high school is a charity: Fire Ins. Patrol v. Boyd, 120 Pa. 624; Continental & Memorial Assn. of Valley Forge, 235 Pa. 206; Wright v. Linn, 9 Pa. 433; Price v. Maxwell, 28 Pa. 23; Phila. v. Fox, 64 Pa. 169; Murphy's Est., 184 Pa. 310.

The charitable bequest is not void for uncertainty: Domestic and Foreign Missionary Society's App., 30 Pa. 425; Mann v. Mullin, 84 Pa. 297; Kinike's Est., 155 Pa. 101; DeSilver's Est., 211 Pa. 459.

The bequest having once been determined to be a charity will not be defeated for vagueness or uncertainty: Dulles's Est., 218 Pa. 162; Kimberly's Est., 249 Pa. 469.

The court need not at this time consider the proposed plan of the trustee for administering the trust: Daly's Est., 208 Pa. 58; Kortright's Est., 237 Pa. 143; Toner's Est., 260 Pa. 49; Dulles's Est., 218 Pa. 162; Kimberly's Est., 249 Pa. 469.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 21, 1921:

Robert Barnwell, the sole next of kin to testator and the only issue of his brother, Will E. Barnwell, claimed the residuary estate of decedent, on the ground that the bequest which we are about to set forth failed in law; the court below decided to the contrary, and this appeal followed.

Testator provided: "Whatever reputation and success I have attained, however moderate, being the result, under Providence, of two causes, first, the training of a good mother who always inculcated and practiced the highest principles of honor and especially of moral courage regardless of immediate or apparent results, and, secondly, to the education which I received in the public schools of Philadelphia and especially in the Central High school, I wish to honor the memory of that mother by practically encouraging and rewarding the practice of the same high principles by the students and graduates of the school. Accordingly, I expect hereafter, by one or more codicils to this my last will, to make devises, bequests or endowments by the creation of trusts or otherwise to carry out this purpose, the details of which I have not fully matured, but, knowing the uncertainty of human life, I have made this will without waiting to complete such plans; and in the event of decease before duly executing such codicil or codicils, then I authorize and direct my executor, hereinafter named, at his discretion, to sell or dispose of any or all of my

residuary estate and invest the proceeds thereof in lawful securities and expend the net income arising therefrom in such way as in his judgment will best carry out the foregoing purpose, and, in .such case, I further authorize and empower my executor aforesaid to make in his discretion permanent provision for the endowment and support of such purpose by deed of trust, by will or otherwise and I further authorize him to execute any and all legal instruments necessary or proper to carry into effect this purpose and any or all of the other provisions of this my will. In case the foregoing provision relating to the subject-matter of an intended codicil or codicils should be by competent judicial authority decided to be invalid by reason of being vague or indefinite or for any other legal or technical reason, then and in that case, I give, devise and bequeath all the rest residue and remainder of my estate, real, personal or mixed and wheresoever situate to my brother Will E. Barnwell."

A charitable use "may be applied to almost anything that tends to promote the well-doing and well-being of social man": Memorial Assn. of Valley Forge, 235 Pa. 206, 211, and authorities there cited. Surely a trust to "inculcate" the "highest principles of honor and moral courage" among the "students" and "graduates" of a well-known public high school for young men, in a great city, and to "practically" encourage and reward "the practice" of such "high principles," will have a tendency "to promote the well-doing and well-being" of an indefinite number of persons, thus materially adding to the good of the community as a whole; and, in these respects, the present bequest creates a charitable trust.

In Kimberly's Est. (No. 3), 249 Pa. 483, 489, we defined charities as "institutions established and carried on by gifts from benevolent persons, not for the financial gain or profit of any person, but for the physical, mental or moral betterment of an indefinite number of persons." In John's Est., 265 Pa. 311, the trust, recently sustained by us, was to "improve and elevate to a higher level the

standard of practical education" in a certain school dis-
trict; and in Board of Home Missions v. Phila., 266 Pa.
405, 410, we still more recently held that the work of a
board engaged in "the spread of the Christian religion for
the benefit of mankind, throughout the United States and
territories, by establishing and extending the Christian
influence of one of the great and recognized mediums to
that end,—the Methodist Episcopal Church,—and, more
specifically, by aiding, wherever necessary, in the pur-
chase and erection of suitable houses of public worship
and other church property, and the prosecution of the
home mission work of the Methodist Episcopal Church,"
was a public charity. The question here, at the present
time, however, is not whether the testator created a tech-
nical public charity, but whether he set up a charitable
trust: Dulles's Est., 218 Pa. 162, 164, 167, 168; Kim-
berly's Est. (No. 1), 249 Pa. 469, 472.

The fact that testator in the present instance did not
formulate practical plans for carrying his broadly con-
ceived charitable idea into effect, is of no moment, so
long as his "general intent" is "ascertainable" and he has
vested others with authority to work out and put in
operation the details necessary to make his idea of prac-
tical use to those he intended to benefit: Dulles's Est.,
218 Pa. 162, 168.

Testator, after stating that he "expected," in codicils
(which he never executed), "to make devises, bequests or
endowments, by the creation of trusts or otherwise," so
as to carry out his general design (the "details of
which," he says, he had "not fully matured"), expressly
authorizes and directs his executor (in the event of his
death before executing such codicils) to "expend the net
income" from the fund here in question "in such way
as in his judgment will best carry out" testator's general
"purpose"; and he further empowers the executor "to
make in his discretion permanent provision for the en-
dowment and support of such purpose......and......

to execute any and all legal instruments necessary or proper to carry into effect this purpose."

Of course the administration of the fund will always be limited to the charitable purposes intended; but, within such bounds, the trustees have unlimited discretion to work out the broad idea indicated by testator and to administer the fund along these lines: Kimberly's Est. (No. 1), 249 Pa. 469, 472; Kimberly's Est. (No. 3), 249 Pa. 483, 489.

As very properly said by counsel for appellant, none of the cited decisions from outside jurisdictions "can be regarded as controlling" the present case; and the applicable general principles have been so recently and fully discussed by us, not only in the Pennsylvania authorities before mentioned, but in others, that it would serve no useful purpose to review them again at this time.

The broad idea intended by testator being within the purview of a charitable trust, and he having provided means for its practical realization, we cannot pronounce it illegal for indefiniteness.

The assignments of error which are in conflict with the views here expressed, we overrule; and those which go to matters not covered by this opinion, we dismiss, as irrelevant to the legal point of view on which the case is determined.

The decree of the court below is affirmed at cost of appellant.