## Anderson's Estate.

*Wills—Construction—Charitable use—Exercise of powers—Executors and administrators—Trustee—Maxims.*

1. Where a will directs the executors "to distribute said residue [of testator's estate] among such institutions, or do such acts of charity therewith as in their judgment may seem best," the institutions entitled to take must be charitable in their nature.

2. The "acts of charity" provided for therein, cannot properly be limited to sporadic gifts, not charitable in their nature, but must be "acts of charity," exactly as the will specifies.

3. Such a provision in a will creates a valid charitable use.

4. If reasonably possible a will should always be so construed as to make its provisions legally effective.

5. Where executors are directed to distribute the residue of an estate to charitable uses, but not necessarily during the period of ordinary administration, the power, in case of their death without having made distribution, will enure to a trustee appointed by the court, and not to an administrator d. b. n. c. t. a.

Argued February 8, 1921. Appeal, Nos. 207 and 358, Jan. T., 1921, by E. M. Anderson et al., from decree of O. C. Chester Co., No. 8448, appointing trustee in estate of Joseph Anderson, deceased. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for appointment of trustee. Before HAUSE, J. The opinion of the Supreme Court states the facts.

The court entered a decree appointing a trustee.

Geo. F. Anderson and Harry I. Anderson, next of kin and administrators d. b. n. c. t. a., and Eber M. Anderson, next of kin, appealed.

*Error assigned* was above decree, quoting it.

*John J. Sullivan* and *George B. Johnson,* with them *George S. Dewees,* for appellants, cited as to powers of the administrators d. b. n. c. t. a.: Evans v. Chew, 71 Pa. 47; Sheets's Est., 215 Pa. 164; Sears v. Scranton Trust Co., 228 Pa. 126.

Where a trustee has, under the instrument creating the trust, the alternative of applying the fund to a charitable purpose or to a purpose which is not regarded as charitable within the technical meaning of that term, the trust will not be enforced: 5 Ruling Case Law, p. 341, par. 72; Hadley v. Forsee, 14 L. R. A. (N. S.) 90.

*Harris L. Sproat,* for appellee.—Testator having created a trust for charity, then, although he expressly conferred upon his "executors or the survivor of them" the

power to distribute for such purpose "as in their judgment may seem best," nevertheless, upon the death of the executors leaving undistr'buted trust assets, jurisdiction to fill the vacancy in the trusteeship is conferred upon the court by the Act of 1895: De Silver's Est., 211 Pa. 459; Dulles's Est., 218 Pa. 162; Toner's Est., 260 Pa. 49.

Where a bequest is indelibly stamped with a trust, the property will not revert to the heirs of the grantor, even though the trustee fail or the object of the trust ceases to exist: Cowan's Est., 16 Pa. C. C. R. 518; Tenth Presbyterian Church, 8 Pa. Dist. R. 323; Com. v. Connellsburg Boro., 25 Pa. C. C. R. 433.

· OPINION BY MR. JUSTICE SIMPSON, February 28, 1921:

With the consent of the attorney general, a petition was filed in the court below, under the Act 'of May 23, 1895, P. L. 114, averring that testator had owned a property in West Chester, Pennsylvania, which became part of his residuary estate; that his executors had all died leaving it unsold, though testator had authorized them to sell it, and as to the proceeds had provided as follows: "I direct my said executors or the survivor of them to distribute said residue among such institutions or do such acts of charity therewith as in their judgment may seem best"; and prayed the appointment of a trustee to sell the property and distribute its proceeds as provided by the will. The heirs at law objected: (1st) Because the above quoted clause was void; and (2d) Because, if valid, the powers given to the executors enure to the administrators d. b. n. c. t. a. The court below overruled the objections, appointed a trustee, and these two appeals followed.

The first objection is founded on the claim that, under the clause above quoted, the executors had power to make distribution among "institutions" which are not charitable in their nature; that doing "acts of charity" are not necessarily making charitable gifts within the mean-

ing of the statute; and hence, since it was possible, in either event, for the executors to have appropriated the proceeds to other than "religious, charitable, literary or scientific" uses, the gift was void under the principle that where power is given to distribute to other than such uses, the trust will not be enforced: 5 Ruling Case Law 341. It may be conceded this principle is correctly stated, but it is inapplicable here, since we agree with the court below that the gift was intended to be for a charitable use.

It is true, the will does not directly state that the "institutions" referred to must be charitable institutions; but the repetition of the word "such," with the word "to" before the first one, and "do" before the second one, shows clearly that the grammatical completion of the sentence, as well as the ordinary understanding of those words, would cause it to read: "I direct my executors or the survivor of them to distribute said residue among such institutions [of charity] or do such acts of charity therewith as in their judgment may seem best": copulatio verborum indicat acceptionem in eodem sensu. So, also, the "acts of charity" provided for, cannot properly be limited to sporadic gifts which are not really charitable in their nature, but must be "acts of charity," exactly as the will specifies. It is true, "charity," standing alone, might occasionally be used by some in a different sense, but "acts of charity" hardly could be; and, moreover, we are not required to give to it any unusual construction in order to render the gift invalid. On the contrary, and this applies to both of appellants' contentions as above, the presumption is that testator intended it to have a meaning which will make it legally effective, ut res magis valeat quam pereat: McBride's Est., 152 Pa. 192. The distinction between this will and the one construed in Beck's App., 116 Pa. 547, so much relied on by appellants, is obvious, since in the latter no word disclosed an intention to limit the distribution to charities. On the general subject nothing can profitably be

added to what the present Chief Justice has said in Barnwell's Est., 269 Pa. 443.

Nor can we sustain appellants' second contention. If that which remained to be done was in the course of the ordinary administration of the estate, it would be within the statutory powers of the administrators d. b. n. c. t. a., but it is not of this character; it is a trust for indefinite and uncertain purposes, which are only limited by the fact that they must be charitable; and this brings the case squarely within the rule laid down in Gehr v. Mc-Dowell, 206 Pa. 101, and Strite v. Wolf, 268 Pa. 221. If the will had required the charities to be selected prior to the settlement of the executors' account, and distribution to be made at that time, a different question would arise, on which, since it does not apply here, we express no opinion. In the present instance testator died in 1906, and the executors' account was settled many years ago.

The decree of the court below is affirmed and the appeals are dismissed at the costs of the respective appellants.