## Thompson's Estate.

*Trusts and trustees — Charitable use — Failure of testamentary trustees to appoint beneficiaries—Appointment by person designated by orphans' court—Acts of April 26, 1855, P. L. 328; July 7, 1885, P. L. 259; May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114.*

1. A trust for a designated object "religious, charitable, literary or scientific," does not fail for want of a new trustee, if the general intent of testator to so dispose of the estate is evident and there remains only the necessity of having some one to carry out the purpose as disclosed.

2. Under the Acts of April 26, 1855, P. L. 328; July 7, 1885, P. L. 259; May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114, the survivor of trustees may exercise the discretion given by the will, and if all of those named by the testator to choose the beneficiary die, the orphans' court may in its discretion appoint a suitable person to choose the charitable beneficiaries to whom the fund should be awarded.

3. In such case, the right of selection of the charities to be benefited does not pass to the administrator d. b. n. c. t. a., inasmuch as his authority is confined to the settling of the estate.

4. The fact that no fixed charity is designated by testator when the power of selection has been given by decedent to another, does not render the trust uncertain, if some tribunal has been designated for the naming of those who shall benefit.

5. It is immaterial how vague, indefinite and uncertain the objects of the testator's bounty may be, provided there is a discretionary power in some one over its application to those objects.

6. The fact that confidence in the integrity of the persons who are appointed to select the charitable beneficiaries is shown by the words of the will, is not sufficient in itself to limit the exercise of the privilege to the individuals named, if testator further says,

"but [leaving] the selection of the beneficiaries generally to the good discretion of my executors."

7. Where testator gave discretionary power to select beneficiaries to persons named, not as individuals, but as executors, he presumably knew that some one would be substituted by the court, if those named should die before exercising their judgment in making the appointment.

*Appeals—Assignments of error—Statement of questions involved.*

8. The Supreme Court will not consider a ruling of the court below which has not been made the subject of an assignment of error nor suggested in the statement of questions involved.

Argued November 25, 1924. Appeal, No. 123, Jan. T., 1925, by William T. Stewart, next of kin, from decree of O. C. Phila. Co., July T., 1921, No. 62, dismissing exceptions to adjudication in estate of William Thompson, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

The facts appear by the opinion of the Supreme Court.

Exceptions dismissed in opinion of HENDERSON, J. GEST, J., did not sit because of interest as trustee in one of the beneficiary charities. VAN DUSEN, J., did not sit as he was one of the accountants.

William T. Stewart, next of kin, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Yale L. Schekter* and *Francis Shunk Brown,* with them *Ira Jewell Williams,* and *Alfred Hayes* of the New York Bar, for appellant, cited: Toner's Est., 260 Pa. 56; Hunter's Est., 279 Pa. 354; Kortright's Est., 237 Pa. 149; McCully's Est., 269 Pa. 122.

*Geo. Wharton Pepper,* with him *E. Bartram Richards,* for The Pennsylvania Medical Missionary Society, *John C. Hinckley,* for the Presbyterian Home for Aged Cou-

ples and Single Men, *Edward H. Yocum* and *J. Rodman Paul,* for the Contributors to the Pennsylvania Hospital.

*T. Elliott Patterson, Samuel F. Clevenger, Francis Chapman, Stevens Heckscher, Frederick C. Newbourg, William T. Trinkle* and *Walter L. Sheppard,* for Presbytery of Philadelphia, Board of Foreign Missions of Presbyterian Church, Board of Home Missions of Presbyterian Church, General Board of Education of Presbyterian Church, Babies Hospital of Philadelphia, Trustees of the University of Pennsylvania, Presbyterian Orphanage, Philadelphia Training School for Christian Workers of Presbyterian and Reformed Churches, appellees, cited: Murphy's Est., 184 Pa. 310; Kimberly's Est., 249 Pa. 469; Barnwell's Est., 269 Pa. 443; Dulles's Est., 218 Pa. 162; DeSilver's Est., 211 Pa. 459; Anderson's Est., 269 Pa. 535.

Opinion by Mr. Justice Sadler, January 5, 1925:

Two questions are presented in this record. Was the enforcement of the charitable trust, created by decedent's will, rendered ineffective because of uncertainty in describing the objects intended to be promoted, and the persons or corporations who were to share in the fund created? If not, could a trustee be appointed to carry out the desires of the testator, those designated to make the selection of beneficiaries having died without exercising the powers conferred upon them? Or, under the circumstances appearing, must the residue of the estate be awarded to the next of kin?

William Thompson died on January 6, 1921, and his will, with codicils thereto, was duly probated. After providing for certain individuals and charities, the balance was disposed of in the following language:

"All the rest, residue and remainder of my estate, real and personal (meaning to include herein everything which may not or cannot pass under this my will for any cause whatsoever and so that there shall be no intestacy

as to any part of my estate), I give, devise and bequeath unto my executors hereinafter named in trust to convert the same into cash or to hold in kind as they may deem best for purposes of distribution, and I give and grant unto my said executors, and the survivor of them, full and unlimited power and authority to pay over, appropriate, dispose of and distribute in amounts and proportions as they may see fit the said rest, residue and remainder of my estate to and among such religious and charitable purposes, objects and institutions as may commend themselves to my said executors in their discretion, and as in their judgment are in accord with my wishes and preferences, reposing hereby full confidence in their integrity and discretion in the premises. I include among the institutions to which distribution may be made in the discretion of my executors the Memorial Free Library, of Alexandria, Huntingdon County, Pennsylvania, but leave the selection of the beneficiaries generally to the good discretion of my executors."

John Scott, Jr., and William Patton were named as executors, but the latter renounced, and letters were granted to the former, who died on January 25, 1923, without having selected the charities which should benefit. Subsequently, others were appointed administrators d. b. n. c. t. a., and their account was submitted for audit. Upon petition to the orphans' court, H. S. Prentiss Nichols, Esq., a well-known member of the Philadelphia Bar, was chosen "to designate, nominate and appoint the beneficiaries to and among whom, and [to name] in what proportions, the residuary estate (including that presently distributable as well as that in remainder) shall be divided in accordance with the residuary clause of the will." The appointee had not been acquainted with the decedent, whereas the executors named by the testator were close personal friends. After hearing, an award was made to the charities nominated, against the objection of the next of kin, who claimed the entire bal-

ance. The correctness of the conclusion reached is questioned by this appeal from the adjudication.

It is first to be noticed that the intention of the testator was to create a charitable trust, a term that "may be applied to almost anything that tends to promote the well-doing and well-being of social man where neither law nor public policy forbids": Centennial and Memorial Association of Valley Forge, 235 Pa. 206, 211. The early English statute (43 Eliz. c. 4), providing for the creation of such estates, is not in force in Pennsylvania (Witman v. Lex, 17 S. & R. 88; Kimberly's Est. (No. 1), 249 Pa. 469), but the general principles therein enunciated are here applied, and even more extensive power, in so far as purposes for which they may be established, is recognized. Illustrations of like uses, and a consideration of bequests or devises held to be of this character, will be found in many of our reported cases, and the subject need not be enlarged on here: Barnwell's Est., 269 Pa. 443; Anderson's Est., 269 Pa. 535; Taylor v. Hoag, 273 Pa. 194; Witman v. Lex, supra.

The first legislation in reference to them is found in 1855 (April 26, 1855, P. L. 328, section 10), when it was provided, "No disposition of property hereafter made, for any religious, charitable, literary, or scientific use, shall fail for want of a trustee, or by reason of the objects being indefinite, uncertain, or ceasing, or depending upon the discretion of a last trustee, or being given in perpetuity or in excess of the annual value hereinbefore limited, but it shall be the duty of any orphans' court, or court having equity jurisdiction in the proper county, to supply a trustee, and by its decree to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law or equity." There was also designated those who should be parties in a proceeding instituted to carry out its directions, as well as the procedure to be followed. This statute was subsequently reënacted and amended (Act of May 23, 1895, P. L. 114), the list of

those entitled to appear in such cases being extended to "corporations not for profit," whether involving wills made before or after its passage: Toner's Est., 260 Pa. 49. The clear purpose of this legislation is to prevent a failure of a disposition of property, when set aside for the uses designated therein: Kortright's Est. (No. 2), 237 Pa. 143.

The Act of 1885 (July 7, P. L. 259), which followed next after the Act of 1855, did not expressly, or by implication, repeal its provisions,—reënacted, as noticed, in 1895, supra. It did declare that, where the disposition was void for uncertainty, or because the object was not ascertainable, had ceased to exist, or the fund was directed to be held in unlawful perpetuity, the "property shall go to the heirs at law and next of kin of the decedent." These exceptions were, however, later limited by the Act of May 9, 1889, P. L. 173, which provided that there should be no failure for want of a trustee, by reason of the objects ceasing, being given in perpetuity, or in excess of the annual value limited by law, and where the disposition depends upon the exercise of discretion of a last trustee. The contention of the appellant is that a devise or bequest for charitable uses must still be held to be void if the object of the trust is uncertain, or is not ascertainable, in which cases the next of kin are entitled to the property in question, notwithstanding this act and that of 1895, which followed. That of 1885, within the scope covered by it, was intended to, and, for the time being, did change the earlier statutory rule in certain cases, but it was restored,—at least in part,—by the later legislation referred to.

A trust, for a designated object, "religious, charitable, literary or scientific," does not fail for want of a new trustee if the general intent to so dispose of the estate is evident and there remains only the necessity of having someone to carry out the purpose disclosed: Stevens's Est., 200 Pa. 318. By virtue of the enactments now in force, the survivor of trustees may exercise the discre-

tion given by the will (Murphy's Est., 184 Pa. 310; 26 R. C. L. 1277; 11 C. J. 332), and if all of those named by the testator to choose the beneficiaries die, the court may appoint others to carry out the purposes contemplated: DeSilver's Est., 211 Pa. 459; Hunter's Est., 279 Pa. 349. The Act of 1889, as is true of that of 1895, in express terms, provides that the charitable use shall not become inoperative by reason of a failure of the last trustee to exercise the discretion conferred upon him. And the heirs at law cannot claim the fund because the beneficiary, a corporation, is dissolved (McCully's Est., 269 Pa. 122), or the property is mismanaged: Toner's Est., supra. Where no trustee remains, the power is to be exercised by one appointed on petition presented, with leave of the attorney general. The court, in the exercise of its discretion, will choose some individual to act whom it deems best fitted to perform the requisite duties, for the right of selection, under such a power bestowed, does not pass to administrators d. b. n. c. t. a., whose authority is confined to the settling of the estate: Anderson's Est., 269 Pa. 535.

The fact that no fixed charity is described, the power of selection having been given by the decedent to another, does not render the trust uncertain, if some tribunal has been designated for the naming of those who shall benefit (Dulles's Est., 218 Pa. 162; Kimberly's Est. (No. 1), 249 Pa. 469; Anderson's Est., supra; Murphy's Est., supra), for that which is capable of being rendered certain must be treated as sufficiently definite: Pickering v. Shotwell, 10 Pa. 23; Trim's Est., 168 Pa. 395. Likewise, the failure of the testator to formulate and set forth practical plans for carrying out his purpose is insufficient to defeat the use (Barnwell's Est., supra), nor does the fact that the carrying out of the purpose is made dependent on contributions by others for a like purpose have this effect: Daly's Est., 208 Pa. 58. It is immaterial how vague, indefinite and uncertain the objects of the testator's bounty may be, provided there is a dis-

cretionary power vested in someone over its application to those objects: Missionary Society's App., 30 Pa. 425.

The charitable use will be sustained, though the purpose originally intended to be effectuated cannot be completely carried out, and this situation does not render the disposition so uncertain as to make it impossible of execution, and give to the heirs at law the right to the balance in hand: McCully's Est., supra; Toner's Est., supra. In such case, the court will administer the fund, varying the manner of distribution where the general purpose appears, and a literal compliance with the terms of the trust has become impossible or impracticable. Then the court will direct the balance to be appropriated in such way as will accomplish the intention of the donor or testator as nearly as possible under the cy pres doctrine: 11 C. J. 360; Kramph's Est., 228 Pa. 455; Phila. v. Girard's Heirs, 45 Pa. 9.

The failure of the executors to designate the beneficiaries is further urged as fatal in the instant case, on the assumption that the power given to the trustees was based on considerations of personal confidence, it being claimed that testator indicated this by his direction to those named to divide "as in their judgment are in accordance with my wishes and preferences, reposing hereby full confidence in their integrity and discretion in the premises." This is followed, however, with the words, "but [leaving] the selection of the beneficiaries generally to the good discretion of my executors." The mere fact that the power to choose those who should share has been thus delegated is not sufficient to limit the exercise of the privilege to the individuals who are named. They are not the "objects of the trust," but merely the medium through which the purpose of the decedent may be carried out (McCully's Est., supra), and the fact that confidence in their integrity is shown by the words used in the will (Dulles's Est., supra), does not indicate that the testator desired the ones designated, and those only, to have the right to carry out

his clearly expressed intent: Kimberly's Est. (No. 1), supra. It has been held that where the trustee or trustees appointed to execute a charitable trust are invested with personal discretionary power as to its execution, and they die, or refuse to serve, the bequest will fail. An examination of the cases referred to will show the decisions usually rest on a finding that the object of the trust is too indefinite to be enforced. (See note, 5 A. L. R. 339.) The mere power of selection given does not, however, create such uncertainty, as we have already noticed, and there is nothing in the present writing which limits the exercise of the authority conferred.

A perusal of the whole clause of the will discloses the desire of the testator to appropriate the balance of his estate to "religious and charitable" purposes. In the first portion he indicates his reason for appointing Scott and Patton as trustees to name those who should share, by reason of their knowledge of his wishes, but he follows this suggestion, as already stated, with a positive declaration that the selection should be left "generally to the good discretion of my executors." It cannot, therefore, be successfully contended that the power thus created is purely personal. The class of charities which the testator desired to assist is shown clearly by the specific bequests which appear in the will; and the suggestion, in the residuary clause, of one only, which might be included if deemed wise, is significant. His preferences, thus made evident, were followed by the appointed trustee as to the uses doubtless in the mind of the decedent. It will also be noted that the testator gave discretionary power to those named, not as individuals, but as executors, and presumably he knew that some one would be substituted by the court, as the law directed, if those chosen should die before exercising their judgment in making appointments. Though the right to select was given, so long as those designated were capable of acting, the fact is not sufficient, when these failed to exercise the power conferred, to defeat the clearly ex-

pressed purpose of Thompson to devote the fund to charities, and not to die intestate: Anderson's Est., supra; DeSilver's Est., supra; Hunter's Est., supra.

Complaint is made in appellant's argument of the rejection of certain parol evidence to show the decedent's intention, but this ruling of the court below is not the subject of an assignment of error, nor is it suggested in the statement of questions involved, and, therefore, need not be considered.

We are of the opinion that the court had jurisdiction to appoint a qualified person to carry out the general intent of the testator, and that the language used does not sufficiently indicate that the trust should be effective only in case the selection was made by those whom he nominated as executors. The death of the survivor of the two did not prevent the appointment of a substitute by the orphans' court, as was here done. His designation of the charities which should share was legally effective, and the award was properly made to those chosen by him.

The decree of the court below is affirmed, and the appeal is dismissed at the costs of the appellant.