Woman's Home Missionary Society of the Philadelphia
Conference of the Methodist Episcopal Church, *v.*
John Taylor, Receiver of Taxes for the City and
County of Philadelphia, et al., Appellants.

*Taxation—Exemption—Purely public charity—Home for deaconesses.*

A home for deaconesses belonging to the Woman's Home Missionary
Society of the Philadelphia Conference of the Methodist Episcopal Church
is a purely public charity, and it is exempt from taxation where it appears
that the building is used as a residence for the deaconesses who receive,
store and distribute, without compensation to themselves, food, clothing
and money to the needy poor; give free instruction to children; maintain
a public library and a lunch room, where they sell light meals to poor
working girls at a rate less than the cost of furnishing them, and conduct
daily public worship of a nonsectarian character; and where it also appears
that the whole building is used for a public charity, and that no part of
it is rented out for revenue.

*Practice, S. C.—Assignments of error—Exceptions.*

An assignment of error that the court " erred in dismissing respondents'
exceptions " to a report of a referee, without quoting the exceptions
violates Rule XII., which requires that " each error relied on must be
specified particularly and by itself."

Argued Jan. 23, 1896. Appeal, No. 193, July T., 1895, by
defendants, from decree of C. P. No. 3, Phila. Co., Sept. T.,
1893, No. 856, on bill in equity. Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and
FELL, JJ. Affirmed.

Bill in equity to restrain the collection of taxes.

The case was referred to Owen B. Jenkins, Esq., as referee,
who reported as follows :

The referee agreed upon by the above parties through their
counsel, finds that the plaintiff filed its bill in said court to said
term and number on the 3d day of November, 1893, and in said
bill alleges that it was incorporated on the 8th day of March,
1892. That it is an institution of purely public charity formed
for the purpose of carrying on missionary work among the needy
and destitute and to establish one or more deaconesses' homes
within the bounds of the Philadelphia Conference of the Metho-

dist Episcopal Church. That no pecuniary profit or benefit of any kind is received by any of its officers or members. A copy of its charter and annual report for the years 1892 and 1893 were annexed to the plaintiff's bill and made part thereof. The 3d section of the bill averred that on or about the 10th day of March, 1892, Joseph M. Bennett, Esq., granted and conveyed for a nominal consideration unto plaintiff premises 611 Vine street, Philadelphia, to be used as a Deaconesses' Home forever. Plaintiff further averred that the said premises are now and had been from the 10th of March, 1892, used and occupied by the plaintiff as a Deaconesses' Home, in which there were living eight deaconesses and one superintendent. That the said Home was entirely devoted to charity and to the objects and purposes of its institution and for no other purpose whatsoever. That it is almost entirely maintained by donations and contributions from various sources. That the building erected on the said property is furnished and equipped in a manner suitable for its charitable uses and purposes. That no portion of the said real estate is rented, nor is any revenue derived therefrom, nor is it used in any manner other than for the purposes of its charter.

The plaintiff further averred that under the constitution and laws of this commonwealth the said premises were entitled to exemption from all city or county taxation. On the 5th day of December, 1894, the plaintiff, leave having been given, amended this portion of its bill by averring that " The premises in said bill, particularly described, in addition to the purposes in said bill mentioned, are used by the said plaintiff in the prosecution of its charitable work among the needy and destitute poor in all parts of the city, as a place where supplies of clothing, food, groceries and other provisions are sent by the charitably disposed, and from there are distributed by the deaconesses to the needy and destitute in all parts of the city without distinction of race, color or nationality. There is also maintained on said premises a lunch room for poor working girls, employed or living in the neighborhood, where they may obtain lunch at a trifling cost. The revenue derived therefrom is not sufficient to pay for the cost thereof. Part of the said premises is also used as a library and reading room for young girls in the neighborhood, where they may have access to good books and periodicals, without expense or charge to them.

The said premises are sometimes used to shelter poor and destitute women, who are strangers in the city, until employment may be secured for them, or other proper provision made for their shelter, maintenance and support. Classes are also organized and maintained on the said premises for the proper instruction and education of indigent boys and girls.

The sixth section of plaintiff's bill averred that the said premises were assessed for the purpose of taxation for the years 1892 and 1893 at $9,000, and that the board of revision of taxes refused to exempt the said property from taxation, and that the said real estate stands at said valuation on the books of the receiver of taxes of said city. On this valuation the city tax for the year 1892 was assessed at the rate of $1.85 a hundred, amounting to the sum of $166.50, and a tax of like amount has been assessed by the said defendant, assessors against said property for the year 1893.

In paragraph 7 of its bill the plaintiff avers that the said taxes, so assessed as aforesaid against the said property, remain on the books of the board of revision of taxes, and of the said John Taylor, receiver of taxes. And the said city of Philadelphia, John Taylor, receiver, and the said Leslie Yates, deputy collector, defendant, are about to take measures to collect the same from the plaintiff by distraint or by a suit founded upon the apparent lien of said tax or taxes, under which lien and suit if it be carried to judgment and execution, the property of plaintiff will be sold at sheriff's sale, the title of plaintiff divested and plaintiff thereby deprived of the means of carrying on its work, which is the purpose of its incorporation. And plaintiff will thus be exposed to great and irremediable loss.

And even although such proceedings should not be had, the apparent liens of said taxes on the books of the said receiver of taxes constitute a cloud on plaintiff's title to the premises, and also subject plaintiff to great annoyance and discredit to the community, making it appear as a delinquent taxpayer on the public records of the office of the receiver of taxes of the city of Philadelphia.

The plaintiff prayed for equitable relief and asked:

1. That the rights of the parties may be ascertained in the premises, and that it may be declared that the institution complainant is a purely public charity, as well as an institution of benevolence or charity.

2. That the court grant a writ of injunction, temporary until hearing, and perpetual thereafter, restraining the said defendants, the city of Philadelphia, John Taylor, receiver of taxes, and Leslie Yates, deputy collector, from taking any steps whatever, either by distraint, suit or otherwise, for the collection of any taxes now or hereafter assessed against the said real estate of plaintiff, or any part thereof, and from further registering such tax as delinquent, or from publishing plaintiff as a delinquent taxpayer, and also restraining the said defendants, Francis Haggerty and Peter Bobb, assessors aforesaid, from hereafter assessing said real estate or any part thereof, for city or county purposes, so long as it continues to be used and occupied as heretofore by plaintiff for the purposes of its incorporation.

3. That all charges for taxes against said real estate and premises above described, as the same appear to be charged on the books and records of the said John Taylor, receiver of taxes aforesaid, or upon the books and records of the said Leslie Yates, deputy collector, aforesaid, shall be stricken off and expunged therefrom, and that all such assessments be annulled and vacated.

4. Such other and further equitable relief as plaintiff should be equitably entitled to.

The defendants without denying the allegations of the bill by answers filed, requested that they be proved.

The testimony in the case was taken at the office of the referee, 400 Chestnut street, on the 22d day of December, A. D. 1894, where he was attended by John F. Keator, Esq., attorney for the plaintiff, and E. Spencer Miller, Esq., attorney for the defendants, and by the various witnesses whose testimony is hereto annexed.

The referee makes the following findings of fact from the testimony :

1. The property from which the City of Philadelphia seeks to recover the usual real estate taxes, is owned and used by the Women's Home Missionary Society of the Philadelphia Conference of the Methodist Episcopal Church at the present time, and was also so owned throughout the years 1892, 1893 and 1894, and during that time was used as stated in my third finding of fact.

2. The objects of the said corporation are charitable—to wit: the relief of the suffering poor from destitution and their education in temporal and religious matters.

3. The premises that this present suit is brought to exempt from taxes are occupied as a centre of such charitable operations, being used for the following purposes:

I. As a place of residence for the deaconesses who are the agents of the charity, and who perform their duties without any compensation or pension other than their residence therein.

II. As a place where gifts to aid the charitable labors of the corporation are received and stored, and from which they are distributed. These gifts consist of food, clothing, and money. They are distributed both on the premises and away from the premises at the homes of the needy through the agency of the deaconesses.

III. A place of free instruction for certain classes of children of both sexes.

IV. A place where books are kept for the use of those for whom the charitable offices are conducted.

V. A lunch restaurant where light meals are sold at a rate less than the cost of furnishing.

VI. About one half of the building is almost exclusively adapted to the use of the deaconesses as bedrooms, kitchen, etc. The kitchen referred to does not supply the restaurant. It is maintained solely for supplies to those who reside in the building. The library-room, lunch-room, and one other room are steadily used for the charitable functions actually performed upon the premises, and "the whole house is accessible to people who come there for charity."

VII. A place of daily public worship. The institution, although Methodistic in foundation, is thoroughly nonsectarian in all its offices.

4. The only application ever made in behalf of the corporation for exemption from the taxation of the property in question was that, a copy whereof is hereto annexed, marked "Exhibit A."

In the evidence taken under this application no grounds were alleged outside of those stated in this application, if the words "missionary work" include also public worship on the premises, the above premises being also used for the said purpose of public worship, which is also one of the grounds alleged for the release of taxation asked for.

No application was ever made for a reduction in the assessed valuation, or in the amount of taxes to be charged.

5. The institution and its deaconesses perform their charities in behalf of the poor and destitute of the city of Philadelphia without regard to race, color, class, sect, nationality or sex.

6. The working of the institution is free from any private or corporate gain.

7. That under the charter and rules of the institution it is incumbent on plaintiff to continue the charities in which it is now engaged.

### FINDING OF LAW.

The referee finds under the above state of facts, as matter of law, that the plaintiff is entitled to the relief sought for. The decisions that assist him as precedents in coming to this conclusion are Donohugh's Appeal, 86 Pa. 314; Burd Orphan Asylum v. School District, 90 Pa. 35; Phila. v. Women's Christian Association, 125 Pa. 572; County v. Lafayette College, 128 Pa. 132; and the act of May 14, 1874, P. L. 158.

The referee accordingly respectfully suggests and recommends to your honorable court the form of a decree, hereto annexed.

Exceptions to the referee's report were dismissed, and the following decree entered.

This cause coming on to be heard and having been argued by counsel, the findings of the referee filed in this court are confirmed and it is ordered, adjudged and decreed:

1. That the plaintiff is a purely public charity.

2. That the defendants, the city of Philadelphia, the receiver of taxes in and for the city and county of Philadelphia and the deputy tax collector thereof, be perpetually enjoined from taking any steps whatever, either by distraint, suit or otherwise, for the collection of any taxes now or hereafter assessed against the said real estate of plaintiff as a delinquent taxpayer, and also restraining the said defendants, Francis Haggerty and Peter Bobb, assessors aforesaid, from hereafter assessing said real estate, or any part thereof, for city or county purposes, as long as it continues to be used and occupied as heretofore by plaintiff for the purposes of its incorporation.

3. That all charges for taxes against said real estate and

premises above described, as the same appear to be charged on the books and records of the said board of revision, or upon the books and records of the said John Taylor, receiver of taxes, aforesaid, or upon the books and records of the said Leslie Yates, deputy collector, aforesaid, shall be stricken off, and expunged therefrom, and that all such assessments be annulled and vacated.

4. That the defendants pay the costs in this case.

*Errors assigned* were (1) in dismissing respondent's exceptions, but not quoting the exceptions; (2–5) the four paragraphs of the decree, quoting each paragraph; (6) the decree as a whole, quoting it.

*E. Spencer Miller*, assistant city solicitor, *Chester N. Farr, Jr.*, assistant city solicitor and *John L. Kinsey*, city solicitor, with him, for appellants.—The premises in question are not an "institution of purely public charity." In cases where the property in question is severable, that part which is exclusively used for charitable purposes may be exempted, and the residue of the property be left taxable: Phila. v. Barber, 160 Pa. 123; American Sunday School Union v. Phila., 161 Pa. 307; Moore v. Taylor, 147 Pa. 481.

The question, therefore, is whether the fact of residence in this property by the deaconesses entitles that part which they so occupy to exemption. No case has gone so far. All the authorities in this state are to the contrary: Church v. Montgomery Co., 10 W. N. C. 170; Wood v. Moore, 1 Chester Co. 265.

A logical discrimination which would relieve the actual exclusive location of charitable administration, and tax a place of residence, although occupied only by persons engaged in charitable work, is entirely feasible. We submit that such discrimination is just under our constitution and statutes, and ought to be enforced in the present case.

The case of Northampton County v. Lafayette College, 128 Pa. 132, which is relied upon by the appellee and by the master, does not conflict with the principle which we deduce from the foregoing authorities. In that case the professors' houses were a part of the college plant. If these buildings had been removed, the institution as then constructed and operated, would have been incomplete.

*John S. Freemann, John F. Keator* with him, for appellee.— The testimony shows, and the referee finds in accordance therewith, that every part of the property in question is devoted to the uses of a purely public charity, and nothing but clear error will justify an appellate court in setting aside a master's finding of facts: Burton's App., 93 Pa. 220.

The cases cited in appellants' paper-book, viz. Philadelphia v. Barber, 160 Pa. 123, where a separate building away from church premises was rented out by a church that drew a revenue therefrom, and American Sunday School Union v. Philadelphia, 161 Pa. 307, where a portion of the building was used as a store in which books were sold at a profit, do not apply to the case at bar, where every portion of the building is accessible to ,the public, and is at some time or other used as a shelter for the destitute, and where the restaurant in which the food is sold at a rate less than the cost of furnishing, is not an affair conducted for profit but as a charity.

The exemption is not claimed on the ground that the property in question is a parsonage, as in Church v. Montg. Co., 10 W. N. C. 170, cited by the appellants, but because the entire property, even by the rooms at times occupied by the deaconesses, is given up to the use of a purely public charity. The testimony shows and the referee found that there was no severance of the property, but that the whole of it was put to the uses of charity and is wholly free from any element of private gain. These facts certainly bring the case within the decisions in Philadelphia v. Women's Christian Association, 125 Pa. 572, and County v. Lafayette College, 128 Pa. 132, and exempt the property from taxation.

PER CURIAM, February 3, 1896:

The first assignment of error is not according to rule, and is therefore dismissed without further notice. The next four assignments are to each paragraph of the decree, respectively; and the sixth and last is to the decree as a whole. In view of the learned referee's findings of fact, which were confirmed by the court below, we are of opinion that there is no error in the decree, or in any part thereof, that requires reversal or modification.

Decree affirmed, and appeal dismissed at appellants' costs.