# Board of Home Missions and Church Extension of the Methodist Episcopal Church *v.* Philadelphia, Appellant.

*Taxation—Charities—Purely public charity—Exemption — Use of real estate—Exempting portion of building—Constitution—Acts of May 14, 1874, P. L. 158; May 29, 1901, P. L. 319, and June 13, 1911, P. L. 898.*

1. A purely public charity within the meaning of Article IX, Section 1, of the Constitution, is not necessarily one solely controlled by the State, but extends to private charitable institutions which are not administered for any individual gain.

2. The mere fact of a public charity being under the control of those belonging to a particular religious denomination, does not prevent it from being a purely public charity, so long as its ultimate object is to help an indefinite number of persons, without regard to their religious beliefs.

3. The action of the court below in dividing a building according to the relative rental values of the floor space rented and allotted to others and that occupied by a charity, and exempting from taxation the space occupied by the charity for its purposes, will be sustained where it appears that such division is equitable, and does the city no injustice.

4. The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a Pennsylvania corporation, not for profit, is "a purely public charity," within the meaning of Article IX, Section 1, of the Constitution of Pennsylvania, where it appears that the purpose of the corporation is the spread of the Christian religion for the benefit of mankind, "throughout the United States and territories," by establishing and extending the "Christian influence" of the Methodist Episcopal Church, and more specifically by aiding, wherever necessary, in the purchase and erection of "suitable houses of public worship and other church property, and the prosecution of the [home] mission work of the Methodist Episcopal Church," and that the work of such board was not carried on for the benefit of the clergymen and others of the Methodist Episcopal Church, who happened to derive an advantage from the expenditures of its funds, and that the gains and profits accruing to the instruments used by the corporation in the prosecution of its endeavors, were merely incidental to the great work in which the board was engaged.

5. A portion of a building owned by the board, is exempt from

taxation under the Constitution and under section 1 of the Act of June 13, 1911, P. L. 898, which amends the Act of May 29, 1901, P. L. 319, amending the Act of May 14, 1874, P. L. 158, where the court finds that the board's actual work was carried on in such portion of the building, which was "the headquarters of the home mission work of the Methodist Episcopal Church in America"; that "all funds are sent to this office from churches throughout the denomination, and from individuals, without any discrimination being had as to their religious affiliations"; that "this money, amounting annually to about $1,000,000, is appropriated......for the building of churches......and in supplementing the salaries of missionaries throughout America, such buildings not being limited in their attendance to members of the Methodist faith, but open to all persons"; and, that no profits whatever were derived, and no salaries paid, except to those persons who devoted their whole time to the business of the society.

Argued January 13, 1920. Appeal, No. 93, Jan. T., 1920, by defendant, from decree of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 1516, on appeal from tax assessment in case of Board of Home Missions and Church Extension of the Methodist Episcopal Church v. City of Philadelphia. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Appeal from tax assessment. Before BARRATT, P. J.

From the record it appeared that the petitioner claimed exemption from a portion of the taxes assessed on property, Nos. 1701-1703 Arch street, in the City of Philadelphia. The property in question was assessed at $275,000, of which valuation $22,000 was marked exempt and $253,000 taxable. It appeared that the petitioner rented out about one-half of the building owned by it to others, and used the remainder for its own work. The court held that the property was exempt from taxation in so far as it was used for the purposes of the petitioner. On the question of rental value the court found as follows:

"The total value of the rental value of the building of this petitioner is $21,250 per year. The amount used by the petitioner aggregates $10,140; that rented out

amounts to $11,110. The amount free, therefore, to that of the whole is as $10,140 to $21,250. As the total valuation of the premises is $275,000, the amount exempt is 10,140/21,250 of $275,000, or $131,223.53.

"The tax, then, is upon the unexempt balance of $143,-776.47, and the petitioner's appeal is sustained to this extent."

Other facts appear by the opinion of the Supreme Court.

*Error assigned,* amongst others, was the decree of the court, quoting it.

*Mayne R. Longstreth,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellant.—Plaintiff was not an institution of "purely public charity": White v. Smith, 189 Pa. 222; Donohugh's App., 86 Pa. 306; Burd Orphan Asylum v. School Dist., 90 Pa. 21; Episcopal Academy v. Phila., 150 Pa. 572; Phila. v. Masonic Home, 160 Pa. 572.

No case has ever decided that a charity with beneficiaries limited exclusively to a single denomination was purely public. In addition to Phila. v. Masonic Home, 160 Pa. 572, and White v. Smith, 189 Pa. 222, which hold such charities taxable, the following cases have been very careful to point out that their institutions were not only nonsectarian but open to all denominations: Northampton Co. v. Lafayette College, 128 Pa. 132; Phila. v. Women's Christian Assn., 125 Pa. 572; Women's Home Mission Society. v. Taylor, 173 Pa. 456; Young Men's Christian Assn. v. Donohugh, 13 Phila. 12; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71; Beaver Co. v. Geneva College, 2 Pa. Dist. R. 70; Phila. v. Penna. Hospital., 8 Pa. C. C. R. 72.

As to the portions of the building rented out to others and from which a revenue is received and which is not from beneficiaries of a charity in part payment therefor, but from a commercial use, there is no dispute that the room space they occupy exclusively is taxable: Phila. v.

Barber, 160 Pa. 123; Am. S. S. U. v. Phila., 161 Pa. 307; Pocono Pines Assembly v. Co., 29 Pa. Superior Ct. 36.

*W. H. G. Gould,* for appellee.—The fact that the managers belong to a single church and that the money is distributed to members of that church does not deprive the institution of being purely public. The facts are that the churches aided are open to all without discrimination and the missionaries serve all persons without discrimination: White v. Smith, 189 Pa. 222; Burd Orphan Asylum v. School Dist. of Upper Darby, 90 Pa. 21; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71; Episcopal Academy v. Phila., 150 Pa. 565; Northampton County v. Lafayette College, 128 Pa. 132.

The fact that part of the building is rented out to others from which an income is received does not deprive the petitioner of its character as a purely public charity: Y. M. C. A. v. Donohugh, 7 W. N. C. 208; American Sunday School Union v. Phila., 161 Pa. 307; Contributors to the Penna. Hospital v. Delaware County, 169 Pa. 305; Mercersburg College v. Mercersburg Borough, 53 Pa. Superior Ct. 388.

OPINION BY MR. JUSTICE MOSCHZISKER, February 23, 1920:

The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a Pennsylvania corporation, not for profit, plaintiff and appellee in these proceedings, acting in conjunction with another corporation, the Philadelphia Tract Society of the Methodist Episcopal Church, erected a double building in the City of Philadelphia, so arranged that the respective parts, belonging to each of the two organizations, can be occupied separately. Plaintiff's section, Nos. 1701-1703 Arch street, was assessed in its name by the City of Philadelphia, defendant here, for purposes of taxation, in 1916, at a total valuation of $275,000; an appeal was taken from this assessment to the Board of Revision of Taxes,

asking exemption for so much of the structure as is used by plaintiff in the prosecution of its endeavors, on the ground that the latter is engaged in the work of a purely public charity. A slight exemption was allowed, and, not being satisfied, plaintiff appealed to the common pleas. When the case came on for hearing, the city opposed the appeal, alleging that "plaintiff's work is entirely sectarian and denominational—not 'purely public' at all." The court below overruled this contention, and, after taking testimony, concluded that the rooms used by the Board of Home Missions and Church Extension, in the prosecution of its work, represents approximately one-half of the whole of plaintiff's section of the building, which portion was decreed exempt from taxation. The city has appealed.

The claim for exemption is based upon section 1 of the Act of June 13, 1911, P. L. 898, which amends the Act of May 29, 1901, P. L. 319, amending the Act of May 14, 1874, P. L. 158. The law, as it now stands, ordains that "all......institutions of......benevolence or charity ......maintained by public or private charity......be and the same are hereby exempted from all......tax."

The Constitution of Pennsylvania, Article IX, Section 1, authorizes the general assembly to exempt from taxation, by general laws, "institutions of purely public charity"; and, of course, to come within the legislative exemption claimed, plaintiff must show itself to be a "purely public charity."

What is, and what is not, "a purely public charity," has been much discussed in our cases, and, on the whole, we have taken a rather broad view of the meaning of that term, as is evidenced by Burd Orphan Asylum v. Upper Darby School District, 90 Pa. 21; Phila. v. Women's Christian Association, 125 Pa. 572; Woman's Home Missionary Society v. Receiver of Taxes, 173 Pa. 456; Episcopal Academy v. Phila., 150 Pa. 565; the last case being criticized, but not overruled, in American Sunday School Union v. Phila., 161 Pa. 307, 316.

A study of the cases cited convinces us that the court below did not err in holding plaintiff to be a purely public charity, within the legal meaning of that phrase under our authorities. The work of the Board of Home Missions and Church Extension of the Methodist Episcopal Church is not carried on for the benefit of the clergymen and others of that denomination who happen to derive an advantage from the expenditure of its funds, any more than it is conducted for the purpose of profiting the contractors, workmen and others who build the churches for which plaintiff pays; the gains and profits accruing to the instruments used by plaintiff in the prosecution of its endeavors, do not constitute the beneficial objects in view, but are merely incidental to the great public work in which the board is engaged, namely, the spread of the Christian religion, for the benefit of mankind, "throughout the United States and territories," by establishing and extending the "Christian influence" of one of the great and generally recognized mediums to that end—the Methodist Episcopal Church,—and, more specifically, by aiding, wherever necessary, in the purchase and erection of "suitable houses of public worship and other church property . . . . . and the prosecution of the [home] mission work of the Methodist Episcopal Church."

The court below found that plaintiff's "actual work" is carried on at the building in question, which is "the headquarters of the Home Mission work of the Methodist Episcopal Church in America"; that "all funds are sent to this office from churches throughout the denomination, and from individuals, without any discrimination being had as to their religious affiliations"; that "this money, amounting annually to about $1,000,000, is appropriated . . . . . for the building of churches . . . . . and in supplementing the salaries of missionaries throughout America, such buildings not being limited in their attendance to members of the Methodist faith, but open to all persons"; finally, that no profits whatever

are derived, and no salaries paid, except to those persons who devote their whole time to the business of the society.

In Donohugh's App., 86 Pa. 306, we early ruled that a purely public charity, within the meaning of Article IX, Section 1, of the Constitution, is not necessarily one solely controlled by the State, but extends to private charitable institutions which are not administered for any individual gain; and in Fire Ins. Patrol v. Boyd, 120 Pa. 624, we held that the true test of a public charity is the character of the objects sought to be attained, saying (p. 645), to bring the hearts of an indefinite number of persons "under the influence of education or religion," was a proper object of public charity; finally, in White v. Smith, 189 Pa. 222, we ruled that the mere fact of a public charity being under the control of those belonging to a particular religious denomination, so long as its ultimate object was to help an indefinite number of persons, without regard to their religious beliefs, made it none the less a purely public charity. When these authorities, and others which might be mentioned, are applied to the present case, the right of plaintiff to tax exemption, is plain; and we find nothing in Phila. v. Masonic Home, 160 Pa. 572, to the contrary.

While the method pursued by the court below, of dividing the building here in question according to the relative rental values of the floor space allotted to others and occupied by plaintiff, may not always be fitting—as a general rule—yet we are not convinced it is inappropriate to the present case. As stated in Phila. v. Barber, 160 Pa. 123, 128, "The parts rented and producing income are liable to taxation. There is in fact no express warrant in the act for dividing the building for purposes of taxation and exempting any part of it, when other parts produce income; but such division was sustained...... in Association v. Donohugh, 7 W. N. 208, upon grounds of equity and the broad intent of the statute, and has been received with general acquiescence." The rule

adopted by the court below in the present case was equitable, it did defendant no injustice, and the results thereby attained will not be disturbed.

The assignments of error are overruled, and the order appealed from is affirmed at cost of appellant.