Harrisburg *v.* Trustees of Harrisburg Academy, Appellant.

Argued May 25, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

586

[redacted]

*Berne H. Evans,* of *Hause, Evans & Baker,* with him *William H. Earnest,* for appellant.—The constitutional provision merely mentions "institutions of purely public charity." The legislature, therefore, took upon itself the duty, clearly contemplated in the constitution, of defining a public charity: Donohugh's App., 86 Pa. 306; Fire Ins. Patrol v. Boyd, 120 Pa. 624; Bethlehem Boro. v. Fire Co., 81 Pa. 445.

In Burd Orphan Asylum v. School District, 90 Pa. 21, the court recognized that a charity could not be open to the entire public and again points out that the exclusion of all idea of private gain is the criterion: Thiel College v. Mercer County, 101 Pa. 530; Phila. v. Women's Christian Assn., 125 Pa. 572; Penna. Hospital Case, 169 Pa. 305; Phila. v. Overseers, 170 Pa. 257; Penn Charter School v. Phila., 25 Pa. Dist. 1145.

Under the Act of March 24, 1909, P. L. 54, the appellant here was held to be exempt from general property taxes: Harrisburg Academy v. Harrisburg, 23 Dauphin Co. 195.

At the present time all schools founded and endowed by public or private charity are exempt from taxes if they are maintained by charity or if the entire revenue derived by the same is devoted to the support of and to increase the efficiency and facilities thereof, the repair and necessary increase of the ground and building thereof and for no other purpose.

The jury found these facts to exist in the case of appellant and it is today exempt from general taxation.

There can be no question either of the right of the municipality to exempt this property from municipal claims: Harrisburg v. Cemetery Assn., 293 Pa. 390.

*Paul G. Smith,* for appellee.—For reasons generally recognized, churches, burying grounds, and public charities of the kinds designated in the constitution and in the statute under consideration are regarded as institutions worthy of the fostering care of the law. They produce no income; they have no means of maintenance except contributions of the charitable and their object is one of mere benevolence or necessity. The property of such corporations is not ordinarily in the market for sale and is not benefited in the same sense as is private property by such municipal improvements as paved cartways: Mt. Oliver Boro. v. German Congregation, 51 Pa. Superior Ct. 343; Harrisburg v. Cemetery Assn., 293 Pa. 390.

The claimant for exemption must not only be a charity but must be a purely public charity: Donohugh's App., 86 Pa. 306; American Sunday School Union v. Phila., 161 Pa. 307; White v. Smith, 189 Pa. 222; Thiel College v. County, 101 Pa. 530.

Defendant has none of the attributes of a purely public charity as required by the cases heretofore cited.

The defendant is not exempt from general taxation.

OPINION BY MR. JUSTICE DREW, June 30, 1932:

The defendant in this action, Trustees of the Harrisburg Academy, is a corporation duly chartered by an Act of the General Assembly approved April 4, 1809, P. L. 174, "for the education of youth in useful arts, sciences and literature," and maintaining a school for boys in the City of Harrisburg. In 1928 the city opened a street through the grounds of the academy, and paved and curbed it. The academy was assessed, on a foot front basis, a part of the cost of the paving and curbing; it admitted its liability for the cost of the curbing,

but declined to pay anything for the paving of the cart-way. The city then caused to be issued a writ of scire facias sur municipal claim, to which the defendant filed an affidavit of defense, alleging that it is a purely public charity whose property is exempt from taxation, and that therefore it is not subject to such claim. The case was tried, and the jury returned a verdict for the plaintiff. Defendant's motion for judgment n. o. v. was overruled and judgment entered on the verdict; this appeal followed. There are eighteen assignments of error; they present, however, but one question for our determination: Is the defendant an institution of purely public charity, and as such entitled to exemption from the municipal claim for paving here sued upon?

There was no conflict in the testimony given at the trial, and counsel have agreed upon a statement of facts, the salient features of which may be summarized as follows: The Harrisburg Academy was founded in 1784, and, after its incorporation in 1809 until the establishment of the public school system, it received as a gift from the State the land upon which the school was originally built and appropriations amounting in all to $2,-500. The location of the school has been changed several times, always with some profit to the institution in the sale of the old and purchase of the new site. The academy was a day school until 1908, when, after a change of location, a program of expansion was entered upon which has converted it into a college preparatory boarding school, although day students are received. The annual enrollment is now about 215. Students are no longer solicited, as formerly, but are admitted only upon application, which is passed upon by the headmaster—usually after a personal interview—and accepted or rejected at his discretion. No distinction is made as to creed or nationality, but negroes are not admitted. The tuition fee has been increased in recent years, and charges for boarding students now range from $650 to $1,060 per year, including tuition, room and

board; day students pay from $320 to $440 per year. In the four years after 1925, $23,610.54 was awarded as scholarship aid to 155 boys. In addition, a number of boys wait upon table and do other work in part payment for their tuition. Only one student pays nothing at all.

The officers and trustees of the corporation serve entirely without compensation, and its entire revenue, which is derived almost completely from the charges for tuition, etc., is devoted to the operation, maintenance and improvement of the academy. None of the teachers have any interest in the income of the school; they receive salaries comparable to those paid in other schools of the same type. The school has been very well managed, with the result that there has been, exclusive of sinking fund requirements of $7,000 a year, an annual surplus of income over expenses ranging from $4,000 to $17,000 in the last five years. This profit was devoted to paying off a mortgage debt incurred to finance the erection of new buildings, and for the increase of the facilities of the school.

Plaintiff claims to be entitled to recover in this action under the provisions of the Act of May 16, 1923, P. L. 207, as amended by the Act of May 4, 1927, P. L. 733, which provides for the allowance and collection of claims for municipal improvements. Section 5 of that act reads as follows: "All real estate......shall be subject to all tax and municipal claims herein provided for, except that all property owned by......institutions of purely public charity, shall not be subject to tax or municipal claims on property, by law, exempt from taxation except ......for the curbing, recurbing, paving, repaving, or repairing the footways in front thereof. All other real estate......shall be subject to all tax claims and municipal claims herein provided for." It is defendant's contention that the statute imposes upon it no liability for plaintiff's claim in so far as it relates to the paving of the cartway of the street. It claims to be an institution of learning founded, endowed and maintained by

public and private charity, whose entire revenues are applied to the support, maintenance and necessary increase of its facilities, and that, therefore, under the Act of July 17, 1919, P. L. 1021, as amended by the Act of April 9, 1921, P. L. 119, its property is exempt from taxation, and the court below should have so held as a matter of law. That act provides, inter alia: "All...... hospitals, universities, colleges, seminaries, academies, associations, and institutions of learning, benevolence, or charity,......founded, endowed, and maintained by the public or private charity: Provided, That the entire revenue derived by the same be applied to the support of and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;......be, and the same are hereby, exempted from all......tax."

The Act of 1919, as amended, took the place of the Act of May 14, 1874, P. L. 158, as amended by the Act of March 24, 1909, P. L. 54. These statutes were enacted under the authority given the General Assembly, by article IX, section 1, of the Constitution, to exempt from taxation, by general laws, "institutions of purely public charity." Only if defendant is a "purely public charity," can it successfully maintain its claim to exemption: White v. Smith, 189 Pa. 222; M. E. Church v. Philadelphia, 266 Pa. 405; Friends' Home v. Commissioners, 80 Pa. Superior Ct. 475. In this connection "purely" must be construed in the popular sense, as the people who voted for it understood it: Com. v. Hiltner, 307 Pa. 343, and cases there cited. So interpreted, the word means completely, entirely, unqualifiedly: Donohugh's App., 86 Pa. 306; White v. Smith, supra.

The test by which to determine whether a particular institution is a purely public one, so that the legislature may, within the constitutional mandate, extend to it exemption from taxation, is stated in Donohugh's App., supra: "The essential feature of a public use is that it is not confined to privileged individuals, but is open to

the indefinite public. It is this indefinite or unrestricted quality that gives it its public character." This rule has been repeatedly followed and applied by the courts of this state: Burd Orphan Asylum v. School District, 90 Pa. 21; Delaware County Institute of Science v. Delaware County, 94 Pa. 163; Thiel College v. Mercer County, 101 Pa. 530; Northampton County v. Lafayette College, 128 Pa. 132; Episcopal Academy v. Philadelphia, 150 Pa. 565; White v. Smith, supra; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71; Friends' Home v. Commissioners, supra. Tried by this standard, defendant cannot be considered an institution of such purely public nature as to meet the constitutional requirement. Admission to the academy is not a privilege open to all who may apply, within the capacity of the school, but is restricted to those whom the headmaster in his discretion sees fit to admit, and we are not informed as to how that discretion is exercised. The class to which the advantages of the academy are restricted is not determined by distinctions which involuntarily affect or may affect the whole people; were this the case, although only a small number might be benefited, it would be none the less a public institution: Burd Orphan Asylum v. School District, supra; Philadelphia v. Masonic Home, 160 Pa. 572; Friends' Home v. Commissioners, supra. Defendant exercises unlimited discretion in admitting students, and is compelled to receive no one. It was this same lack of a right of admission in the public or any class thereof which we considered material in holding Thiel College not entitled to exemption from taxation (Thiel College v. Mercer County, supra), inasmuch as that college retained unlimited discretion as to acceptance or rejection of applicants. Conversely, Haverford College and Lafayette College were held to be purely public institutions within the meaning of the Constitution, because their benefits were extended to all persons educationally qualified upon the

same terms: Northampton County v. Lafayette College, supra; Haverford College v. Rhoads, supra.

There can be no doubt that the defendant academy is a school deserving of the highest commendation, wisely and unselfishly managed by its trustees, but it is equally clear that it is not an institution of purely public charity, and that its property is not exempt from taxation.

The judgment is affirmed.