## Louise H. Haessler Memorial Fund's Appeal

*Manuel Sobel*, for appellant.

*Joseph Sharfsin*, city solicitor, and *Abraham Wernick*, assistant city solicitor, for City of Philadelphia.

SLOANE, J., May 2, 1941.—The Louise H. Haessler Memorial Fund (we here shorten the full title to "Fund") seeks immunity in this proceeding from personal property taxes.

Philadelphia's Board of Revision of Taxes has assessed the Fund's securities for personal property taxes for the year 1939. Dissatisfied, the Fund appealed.

The assessment was made pursuant to the Act of June 17, 1913, P. L. 507, sec. 1, as amended, 72 PS §4821.

It is an old question: Is the Fund a "purely public charity"? (Article IX, sec. 1, of our Constitution.)

The facts are without dispute.

The Fund is a nonprofit corporation (incorporated by our Common Pleas No. 4, September term, 1935, no. 2032). It is organized and operated "to grant relief to teachers and former teachers of Philadelphia public schools who are in need of financial assistance; the corporation does not contemplate pecuniary gain or profit incidental or otherwise to its members".

The funds are gotten by teachers' voluntary contributions (though there have been a few bequests) and are used, as indicated in the charter, to help retired and continuing teachers.

The city admits, and no doubt lauds, its charitable purpose but, because relief or giving is limited to teachers, argues that the Fund is not a purely public charity. That is the city's sole objection to immunity or exemption. The assistant city solicitor puts the question this way:

"Where the benefits of a charity depend on the fact of voluntary association with a particular group or society, is such a society a purely public charity so as to entitle it to an exemption from taxation?"

The spring of the city's argument comes from the Masonic Home case: Philadelphia v. Masonic Home of Penna., 160 Pa. 572 (1894). There the Masonic Home was held subject to taxation because the home was open only to members of the Masonic Order. A majority of our Supreme Court held such an institution not to be a purely public charity because the Masonic Order was a voluntary association, and a purely public charity excluded the idea of a voluntary association.

The city says that teachers are within the class of a voluntary association. I think the city gives enlargement

where it should not. Voluntary associations as meant by Mr. Justice Dean in the Masonic Home case included only association with or relation "to some society, church or other organization, which relation is dependent on his wholly voluntary act". (p. 579.)

I do not think there was intended to be included the voluntary association that comes with the choice of a profession or trade or calling. It does not follow that a person can be termed a member of a voluntary association of teachers from the fact that he chooses the teaching profession as his voluntary act. There is justification for saying so from the very opinion in the Masonic Home case:

"A charity may restrict its admissions to a class of humanity, and still be public; it may be for the blind, the mute, those suffering under special diseases; for the aged, for infants, for women, for men, *for different callings or trades by which humanity earns its bread,* and as long as the classification is determined by some distinction which involuntarily affects or may affect any of the whole people, although only a small number may be directly benefited, it is public. But when the right to admission depends on the fact of voluntary association with some particular society then a distinction is made which concerns not the public at large. The public is interested in the relief of its members, because they are men, women and children, not because they are Masons": Philadelphia v. Masonic Home of Penna., supra, p. 578. (Italics supplied.)

"Is any member of humanity, that greater public of whom the commonwealth is constructively the parent or trustee, excluded *because he has not a particular relation to some society, church or other organization, which relation is dependent on his wholly voluntary act?* If so, if he be excluded in fact, *because he is not a Presbyterian, Freemason, or a member of some one of the innumerable religious, social, or beneficial organizations of the commonwealth,* then, however pure may be the charity, how-

ever commendable its purpose, it is not 'purely public', . . ." p. 579. (Italics supplied.)

By this very language a proper distinction arises between the choice of a calling (which most likely is voluntary) and the choice of association with a society, order, or organization (which most likely is also voluntary).

Both are voluntary, but words are very often used with degree, and we cannot categorize a profession with a society simply because one wills to choose either or both. It is not every word that creates a formula, and the word "voluntary" does not establish a rule of inclusion.

Teaching is at least a calling by which a teacher earns her bread, and a charity for different callings or trades is public, that is, purely public.

"A charity for the maintenance of disabled seamen, or of aged and infirm stone masons, resident in the city of Philadelphia, would undoubtedly be a purely public charity": The Burd Orphan Asylum v. The School District of Upper Darby, 90 Pa. 21, 34, 35 (1879).

I can see no difference between seamen or stone masons and teachers. If a charity for one is purely public, so is a charity for the other.

The Harrisburg Academy case (Harrisburg v. Harrisburg Academy, 308 Pa. 585 (1932)), submitted by the assistant city solicitor, does not help the city's position. There the academy was held not exempt from taxation because "Defendant exercises unlimited discretion in admitting students, and is compelled to receive no one": p. 591. The academy is not a public institution, for as Mr. Justice Drew said (p. 591) : "Admission to the academy is not a privilege open to all who may apply, within the capacity of the school, but is restricted to those whom the headmaster in his discretion sees fit to admit, and we are not informed as to how that discretion is exercised." Here every needy teacher and ex-teacher can apply and within financial bounds get financial relief.

"What is, and what is not, a 'purely public charity', has been much discussed in our cases, and, on the whole,

we have taken a rather broad view of the meaning of that term". Board of Home Missions, etc., v. Philadelphia, 266 Pa. 405, 409 (1920).

We conclude the Fund to be such a public charity as to be exempt from the personal property tax.

The appeal is sustained and the personal property tax assessment is set aside.