*181
 
 Williams, J.,
 

 dissenting. There is no question that for purposes of taxation a building may be divided perpendicularly as well as horizontally, where there are separate and distinct tenements in the same building.
 
 Cincinnati College
 
 v. Yeatman,
 
 Aud.,
 
 30 Ohio St., 276. In our judgment this principle applies to a building part of which is exempt from taxation and the remaining part not exempt although the fee is owned by one person.
 

 The case of
 
 Cleveland Library Assn.
 
 v.
 
 Pelton, Treas.,
 
 36 Ohio St., 253, which has never been modified or overruled, controls the rights of the parties in this case. That case concerned' a building in Cleveland then known as the Case Block. The building consisted of a basement and four stories as shown by the plat. Some of the rooms on each floor except the first were used by the library association for its purposes, some rooms were rented out and some were vacant. The rents received were applied exclusively to keeping the building in repair and to the purposes of the association.
 

 In the course of the opinion, it is stated that, under the act of 1864, which governed the rights of the parties, the buildings of the association must be used exclusively for the object of purely public charity in. order to be exempt from taxation. The test was therefore substantially the same as that to be applied in the instant case. The opinion concludes with this language :
 

 “While we do not intend to suggest a doubt of the right of this corporation to accept this munificent donation of Mr. Case, the property being an entirety and suitable for its purposes, yet we think it clear, that as to so much of this building and grounds, not necessary for its use, which is rented out, should not be exempted from its equal share of taxation.
 

 “It may be said, that the entire building may become
 
 *182
 
 necessary for the objects of the association. When this shall become the case, and the entire building or any additional parts are so used, the parts thus withdrawn from renting, cease to be leased or otherwise used with a view to profit, and fall within the exemption.
 

 “The fact that the building is so constructed that the parts leased or otherwise used with a view to profit cannot be separated from the residue by definite lines, is no obstacle to a valuation' of such parts for purposes of taxation, having due reference to the taxable value of the entire property.”
 

 The final order recites that “on consideration whereof the court finds and adjudges that so much of said building [the Case Block] and property as is rented, leased or otherwise used with a view to profit, is subject to taxation, although the income derived therefrom is applied to keeping the building in repair, and to the purposes of said association, and that as to the residue of said building, and property not so used, the same is exempt from taxation.” Order book No. 7, page 297.
 

 In the instant case the admittedly noncxempt part (the first and second floors and walled-off part of basement) and the other part are separable for the purposes of taxation, and only such nonexempt part should be placed on the tax duplicate. The taxable character of the parts is not changed because the elevator and heating system serve the rented portion as well as the rest of the building nor because the lessee is furnished janitor service by the lessor nor because of any like situation. Such services as the use of the elevator and the furnishing of heat.are factors to be considered in fixing the tax valuation of the rented portion. It is not, however, essential that the exempt and nonexempt parts can be separated by distinct lines.
 
 Cleveland Library Assn.
 
 v.
 
 Pelton, Treas., supra; Board of Home Missions
 
 v.
 
 City of Philadelphia,
 
 266 Pa., 405,
 
 *183
 
 109 A., 664. See, also,
 
 Tn re Young Men’s Christian Assn. Assessment,
 
 106 Neb., 105, 182 N. W., 593;
 
 In re Masonic Temple Craft,
 
 129 Neb., 293, 261 N. W., 569; 2 Cooley on Taxation (4 Ed.), 1442, Section 688.
 

 The case of
 
 Pfeiffer et al., Trustees,
 
 v.
 
 Jenkins et al., Board of Tax Appeals,
 
 141 Ohio St., 66, 46 N. E. (2d), 767, is to be distinguished because during the year in question the building was not used for library purposes at all.
 

 The implications of the pronouncements in the majority opinion are far-reaching. By virtue thereof a charitable institution owning a building several stories high might find that it needed the entire building for its charitable purposes except the first story but was unable to rent the unneecled part for as much as the taxes resulting from loss of exemption would be on the whole building. Therefore money would be saved by allowing the first floor to remain idle. Such a result would be anomalous if not grotesque.
 

 There is no question that the appellant’s building, with the exception of the rented space (the first and second floors and wallecl-in portion of the basement) was used exclusively for charitable purposes. So in our judgment the building, excepting such rented space, was exempt from taxation.
 

 The decisions should be reversed and cases remanded with directions to cause the exempt portion of the building to be taken from the tax duplicate.
 

 Hart, J., concurs in the foregoing dissenting opinion.