Habt, J.
The questions presented are whether the church property is used exclusively for public worship within the contemplation of Section 5349, General Code, and if not, whether under the provisions of Section 5560, General Code, that portion of the property used for public worship and religious purposes is exempt from taxation.
Section 5349, General Code, under which exemption of the entire property is claimed, provides as follows:
“Public school houses and houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for *519 the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit * * * shall be exempt from taxation.”
The Board of Tax Appeals, in denying exemption from taxation as to the entire property, found that it is not used exclusively for public worship but is partly used by the minister and janitor and their families for residence purposes, and that there was no evidence that such use is necessary for the care of the building.
The Board of Tax Appeals in making such finding relied on the case of Mussio v. Glander, Tax Commr. (1948), 149 Ohio St., 423, 79 N. E. (2d), 233, which holds that where a portion of a building is occupied as a residence and the remainder used for public worship, such latter use is not exclusive and no part of the property therefore is entitled to exemption from taxes. The dissenting opinion also cites the case of Welfare Federation of Cleveland v. Glander, Tax Commr., 146 Ohio St., 146, 64 N. E. (2d), 813, as controlling.
Since the decision of those eases, the pertinent part of Section 5560, General Code, was amended effective October 29,1949, and provides as follows:
"* * * where a separate parcel of real property, improved or unimproved, having a single ownership, is so used, that part thereof, if a separate entity, would be exempt from taxation, and the balance thereof would not be exempt from taxation, the listing thereof shall be split and the part thereof used exclusively for an exempt purpose or purposes shall be regarded as a separate entity and be listed as exempt, and the balance thereof used for a purpose or purposes not exempt, shall, with the approaches thereto, be listed at its true value in money and taxed accordingly. ’ ’ (Italics supplied.)
It is true that this court in the case of Goldman, a Taxpayer, v. L. B. Harrison (Club), 158 Ohio St., 181, 184, 107 N. E. (2d), 530, held that Section 5560, Gen *520 eral Code, does not authorize for tax-exemption purposes the division of property on a percentage basis into that used for charitable purposes and that used for noneharitable purposes. However, under the amendment of the statute above quoted, where a separate entity of property is used exclusively for religious or charitable purposes such entity is entitled to exemption from taxation.
It is our view that the first floor of the building used as a church auditorium and the two rooms in the basement used as a Sunday school and baptistry are used exclusively for tax-exempt purposes, and, under the provisions of the statute, may be set off as exempt from taxation, not on a percentage basis but by a split valuation of the separate entities of the property.
The word, “entity,” used in the statute means something that has a real and separate existence. In the early case of Cincinnati College v. Yeatman, Aud., 30 Ohio St., 276, this court held that for the purposes of taxation, a building may be divided perpendicularly as well as horizontally, where there are separate and distinct tenements in the same building. See, also, Cleveland Library Assn. v. Pelton, Treas., 36 Ohio St., 253; Board of Home Missions and Church Extension of Methodist Episcopal Church v. Philadelphia, 266 Pa., 405, 109 A., 664; Young Men’s Christian Assn. v. Lancaster County, 106 Neb., 105, 182 N. W., 593, 34 A. L. R., 1060; Masonic Temple Craft, Trustee, v. Board of Equalization, 129 Neb., 293, 261 N. W., 569.
The decision of the Board of Tax Appeals is reversed and the cause is remanded to that board for further proceedings in accordance with the views expressed in this opinion.

Decision reversed.

Middleton, Taet and Stewart, JJ., concur.
Weygandt, C. J., Matthias and Zimmerman, JJ., dissent.