[Civ. No. 38589. Second Dist., Div. Three. Feb. 23, 1972.]

CALIFORNIA COLLEGE OF MORTUARY SCIENCE,
Plaintiff and Respondent, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants.

## COUNSEL

John D. Maharg, County Counsel, Lynard C. Hinojosa and Lawrence B. Launer, Deputy County Counsel, for Defendants and Appellants.

Sikora & Price and Donald R. Price for Plaintiff and Respondent.

## OPINION

**COBEY, J.—** ██ The question presented by this appeal from a judgment for the taxpayer, a nonprofit corporation, for the refund of property taxes paid by it to the county and city for the tax years 1967, 1968 and 1969 on its premises, where it instructs its students in mortuary science, is whether such an institution is exempt from property taxation under Revenue and Taxation Code section 214. The trial court determined that it was. We disagree and reverse.

The parties are agreed that the taxpayer meets all of the specific requirements of section 214 applicable to it. Furthermore the taxpayer is a duly accredited junior college, but the only instruction given on its campus consists of a one-year comprehensive program of courses in embalming and the work of funeral directors. Those of its students seeking an A.A. must obtain an additional year of general instruction at some other accredited college. It is, however, one of the two schools in the state (both private) and the only one in southern California providing this type of vocational training for state licensure. Over 90 percent of its income and operating capital come from student tuitions; the remainder is contributed by the funeral service industry. Its campus, including its library facilities, are used free of charge by both the industry and industry-related governmental agencies.

The taxpayer, being at most only a two-year college, concededly does not qualify for the college exemption from property taxation provided in article XIII, section 1a of our Constitution and defined in Revenue and Taxation Code section 203. Being, however, of "collegiate grade," it also does not qualify for the express exemption from such taxation permitted by article XIII, section 1c of our Constitution and accorded by the aforementioned section 214 to schools of "less than collegiate grade."[1]

The question remains, however, whether the taxpayer qualifies implicitly for the "welfare exemption" granted by section 214 to certain property used exclusively for charitable purposes. We note initially that, by express provision, section 214 "shall not be construed to enlarge the college exemption." In *Lundberg* v. *County of Alameda* (1956) 46 Cal.2d 644, 649-653 [298 P.2d 1], our Supreme Court reviewed the histories of section 1c and section 214 and concluded in a four to three decision that the term "charitable purposes," as used in section 1c, includes educational purposes as well (p. 651) and that therefore the 1951 amendment to section 214 expressly exempting the property of certain nonprofit schools from taxation was a valid exercise by the Legislature of the exemption authority granted it by section 1c (p. 653).

The taxpayer relies for its claimed implicit exemption under section 214, though, primarily upon another decision of our Supreme Court, *Stockton Civic Theatre* v. *Board of Supervisors* (1967) 66 Cal.2d 13 [56 Cal.Rptr. 658, 423 P.2d 810], which held that the property of a nonprofit civic theatre corporation offering to the general public popular plays and musical comedies, produced entirely by amateurs (p. 15), was implicitly exempt under section 214 on the basis that "Plaintiff's corporate purposes as well as its activities show that it is dedicated to providing educational benefits with regard to dramatic art both to those who take part in its productions and to its audiences" and its "activities also provide entertainment for its

---

[1]California Constitution article XIII, section 1 provides in relevant part that: "All property in the State except as otherwise in this Constitution provided, . . . shall be taxed. . . ."

In relevant part California Constitution article XIII, section 1c reads:

"In addition to such exemptions as are now provided in this Constitution, the Legislature may exempt from taxation all or any portion of property used exclusively for religious, hospital or charitable purposes and owned by community chests, funds, foundations or corporations organized and operated for religious, hospital or charitable purposes, not conducted for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Section 214 also expressly exempts from property taxation certain property used exclusively for nursery school purposes, for a noncommercial educational FM broadcast station or an educational television station, or for housing and related facilities for elderly or handicapped families.

audiences and an opportunity for those engaged in its productions to assert their individual creative talents." (P. 20.)

The taxpayer's reliance is misplaced. In *Stockton* our Supreme Court also indicated that to qualify for exemption under section 214, the "charitable activity must benefit the community as a whole or an unascertainable and indefinite portion thereof." (P. 22.) The taxpayer does not meet this test. While the public health requires that human remains be embalmed when the decedent has died of a contagious or infectious disease and the remains are to be transported from one place to another, embalming is not otherwise necessary for the preservation of public health.[2] The taxpayer's fine and apparently locally unique training in embalming and in every phase of funeral service does not benefit primarily the community as a whole or an unascertainable and indefinite portion thereof, but benefits instead primarily a definite segment thereof, namely, the funeral service industry by providing for it competently trained personnel. (Cf. *City of Harrisburg* v. *Trustees of Harrisburg Academy* (1932) 308 Pa. 585 [162 A. 815, 817].) This special and limited benefit is characteristic of vocational schools generally.

The judgment is reversed.

Schweitzer, Acting P. J., and Allport, J., concurred.

A petition for a rehearing was denied March 20, 1972, and respondent's petition for a hearing by the Supreme Court was denied April 26, 1972.

---

[2]California Constitution article XIII, section 1b expressly exempts from taxation and local assessment the property of all nonprofit cemeteries used or held exclusively for the burial or permanent deposit of the human dead or for the care, maintenance or upkeep of such property or such dead.